Tracy POWELL, Appellant Pro Se,

v.

MISSOURI DEPARTMENT OF CORRECTIONS and Missouri Board of Probation and Parole, Respondents.

No. WD 63982.

Missouri Court of Appeals,
Western District.

Oct. 26, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 21, 2004.

Application for Transfer Denied
Jan. 25, 2005.

Tracy Powell, Jefferson City, pro se.

Stephen D. Hawke, Assistant Attorney General, Jefferson City, MO, for respondent.

Before JOSEPH M. ELLIS, Chief Judge, JAMES M. SMART, JR., Judge and THOMAS H. NEWTON, Judge.

JOSEPH M. ELLIS, Chief Judge.

Tracy Powell appeals from a judgment entered in the Circuit Court of Cole County denying Appellant's *pro se* petition for declaratory judgment against the Missouri Department of Corrections and the Missouri Board of Probation and Parole. Appellant sought a declaration that Respondents had improperly applied the provisions of § 558.019.2 to require that he serve fifty percent of his current sentence before being eligible for parole. For the following reasons, we remand to the trial court for further proceedings.

Appellant is presently incarcerated at the Central Missouri Correctional Center serving four different sentences related to various convictions in Crawford and Franklin Counties. At some point following his commitment to the Department of Corrections, Appellant was informed by Respondents that he would be required to serve fifty percent of his sentence before

being eligible for parole in accordance with § 558.019.2.

On January 16, 2003, Appellant filed a petition for declaratory judgment in the Circuit Court of Cole County contending that the Respondents had miscalculated the number of prior commitments he had in applying the provisions of § 558.019.2.[1] He contended that Respondents improperly counted two felony convictions for which he served 120–day call back sentences pursuant to § 559.115. In the alternative, Appellant claimed that the provisions of § 558.019 were unconstitutional.

Subsequently, Respondents filed their answer to Appellant's petition along with a motion for judgment on the pleadings. After Appellant responded to Respondents' motion, on May 12, 2003, the trial court entered its judgment on the pleadings denying Appellant's petition for declaratory judgment. Appellant, again acting *pro se,* appeals from that judgment.

"On appeal from the trial court's grant of Respondent[s'] motion for judgment on the pleadings, we review the allegations of Appellant['s] petition to determine whether the facts pleaded therein are insufficient as a matter of law." *State ex rel. Nixon v. American Tobacco Co.,* 34 S.W.3d 122, 134 (Mo. banc 2000). "The party moving for judgment on the pleadings admits, for purposes of the motion, the truth of all the opposing party's well pleaded facts, and the motion is properly granted if, from the face of the pleadings, the moving party is entitled to a judgment as a matter of law." *Craig v. Missouri Dep't of Health,* 80 S.W.3d 457, 459 (Mo. banc 2002).

In his sole point on appeal,[2] Appellant contends that the trial court erred

1. All statutory references are to RSMo 2000 unless otherwise noted.

2. This appeal was initially filed with the Missouri Supreme Court. That court granted Ap-

in finding that it was permissible under § 558.019 to count a 120–day term served under § 559.115 as a prior commitment for purposes of imposing a minimum mandatory prison term. Appellant claims that a 120–day term served under § 559.115 is merely a "delivery" to the DOC and not a "commitment" for purposes of applying § 558.019.[3]

Section 558.019.2(2) provides that "[i]f the defendant has two previous prison commitments to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the defendant must serve shall be fifty percent of his sentence[.]" The DOC determined that the foregoing provision required Appellant to serve fifty percent of his sentence before being eligible for parole. In reaching that conclusion, the DOC counted as commitments Appellant's two prior felony convictions for which he served 120–day call back sentences pursu-

ant to § 559.115. Appellant contends that those sentences should not have been counted as "commitments" under the provisions of § 558.019.2.

Section 558.019.2 specifically provides that "[f]or the purposes of this section, 'prison commitment' means the receipt by the department of corrections of a defendant after sentencing." On his two convictions for which he served 120–day call back sentences, Appellant was received by the department of corrections to serve a term of 120 days following his sentencing. Thus, under the plain language of the statute, those sentences were properly counted against him. *See Cody v. Missouri Bd. of Prob. & Parole*, 111 S.W.3d 547, 551 (Mo.App. W.D.2003). The cases that Appellant attempts to rely upon in arguing to the contrary are not on point and do not support the statements attributed to them.[4]

---

pellant's motion for leave to file his notice of appeal out of time on June 26, 2003, and granted Appellant until July 28, 2003, to file his notice of appeal. On August 7, 2003, the Supreme Court entered an order extending the period of time in which Appellant could file his appeal until August 15, 2003, and indicated that the Clerk of the Supreme Court would be hand-delivering Appellant's notice of appeal and attachments to the Circuit Clerk of Cole County. On appeal, Respondents assert that the Missouri Supreme Court erred in extending the period in which Appellant could file his notice of appeal until August 15. Respondents contend that Rule 81.07(a) required a second motion and showing before the court had authority to further extend the time and that the record does not reflect that these requirements were met. Respondents contend that the Supreme Court could not properly *sua sponte* extend the period of time in which Appellant could file his notice of appeal, that his notice of appeal was therefore untimely filed, and that this court lacks jurisdiction over his appeal.

This court has no way of knowing what prompted the August 7 order of the Supreme Court or whether Appellant made any sort of request for additional time, written or oral.

For this reason, among others, we decline to further address Respondents' contention.

3. Appellant also argues that § 558.019 should be deemed unconstitutional, but fails to explain wherefore or why in his point relied on. The entirety of his argument dealing with this subject is contained in half of one sentence with no citation to supporting authority. "Where a party fails to support a constitutional contention with relevant authority or argument beyond conclusions, the contention is considered abandoned." *Gerecke v. Gerecke*, 954 S.W.2d 665, 671 (Mo.App. S.D.1997).

4. Appellant's reliance on *Bratton v. Mitchell*, 979 S.W.2d 232, 235 (Mo.App. W.D.1998) is misplaced. In *Bratton*, this Court expressly declined to address whether the defendant's placement in a drug treatment facility during a 120–day call back period under § 559.115.2 qualified as a "remand" under the version of § 558.019.2 in effect at the time. *Id.* at 236–37. Similarly, Appellant's attempted reliance on *Amsden v. State*, 699 S.W.2d 54, 57 (Mo. App. E.D.1985) for the proposition that "delivery" to the department of corrections is not the same as a "commitment" to the depart-

Thus, the argument advanced by Appellant before the trial court and on appeal lacks merit. The Board and the trial court both correctly determined that Appellant's prior sentences under § 559.115 counted as prior sentences under the statutory scheme in existence at the time of those determinations.

█ Subsequent to the trial court's entry of judgment, however, while this matter was pending on appeal, the legislature substantially altered § 559.115. Included in those alterations was a provision expressly stating that placement in a 120–day program under § 559.115 "shall not be considered a previous prison commitment for the purpose of determining a minimum prison term under the provisions of section 558.019, RSMo." *§ 559.115.7*, RSMo Cum. Supp.2003. In *Irvin v. Kempker*, WD 62836 * 7, —— S.W.3d ——, ——, 2004 WL 2381068 (Mo.App. W.D.2004), which is being handed down simultaneously with this opinion, we hold that the amendment to the statute applies retroactively. Therefore, following the enactment of the amendments to § 559.115, the Board should have recalculated Appellant's parole eligibility date.

Unlike the situation in *Irvin v. Kempker*, WD 62836 * 7, —— S.W.3d ——, ——, 2004 WL 2381068 (Mo.App. W.D.2004), where the supplemental record on appeal reflected that Irvin's parole eligibility date had not been recalculated after the enactment of the amended statute, the record before this court provides no indication as to whether Appellant's parole eligibility date has been recalculated by the Board in accordance with the revised provisions of § 558.115.7, RSMo Cum.Supp.2003.

ment is unavailing. Contrary to Appellant's assertions, *Amsden* does not distinguish between a "delivery" to the department of corrections and a "commitment" to the depart-

Accordingly, we remand this cause to the trial court to consider the matter in light of the amended statute. In so doing, the trial court is free to allow for the amendment of the pleadings, submission of additional evidence, a hearing on the matter, and/or any other proceedings it deems appropriate.

All concur.

ment of corrections. In fact, the language of *Amsden* actually appears to equate "delivery" with "commitment" for the purposes of § 549.121(2), RSMo 1978. *Id.* at 56–57.