David E. NIEUWENDAAL, Respondent,

v.

MISSOURI DEPARTMENT OF CORRECTIONS, Appellant.

No. WD 65245.

Missouri Court of Appeals, Western District.

Nov. 1, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 20, 2005.

Application for Transfer Denied Jan. 31, 2006.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Spillane, Office of Attorney General, Jefferson City, for appellant.

David E. Nieuwendaal, Ballwin, pro se.

PAUL M. SPINDEN, Presiding Judge.

The Department of Corrections appeals the circuit court's judgment granting David E. Nieuwendaal's *pro se* petition for declaratory judgment. The circuit court determined that, pursuant to Section 559.115.7, RSMo Supp.2004, the department should not consider Nieuwendaal's prior 120–day incarceration as a prior prison commitment for the purpose of calculating his minimum prison term under Section 558.019, RSMo Supp.2004. We agree and affirm the circuit court's judgment.

Nieuwendaal committed the offenses of first degree tampering, stealing, and receiving stolen property on August 9, 1996. The circuit court sentenced him to three years in prison with the possibility of a 120–day call back under Section 559.115, RSMo 1994, on the tampering charge and concurrent 120–day sentences on the stealing and receiving stolen property charges. Nieuwendaal completed his 120–day incarceration, and the department released him to serve his probation.

On January 3, 2002, Nieuwendaal was convicted of stealing two motor vehicles and received consecutive four-year sentences. On June 7, 2002, Nieuwendaal was convicted of tampering and received a five-year sentence. The department determined that Nieuwendaal would need to serve 40 percent of these sentences before being eligible for parole because his 120–day incarceration in 1996 was a prior commitment under Section 558.019.[1]

■ Nieuwendaal filed a petition for declaratory judgment with the circuit court asserting that he should not be required to serve a mandatory minimum prison term of 40 percent of his sentences. His petition alleged that the department's ruling violated Section 559.115.7, RSMo Supp. 2004, which says, "An offender's first incarceration for one hundred twenty days for participation in a department of corrections program prior to release on probation shall not be considered a previous prison commitment for the purpose of determining a minimum prison term under the provisions of section 558.019, RSMo."

The circuit court agreed with Nieuwendaal and ordered the department not to count the 120–day incarceration as a prior commitment. The department asserts on appeal that the circuit court erred because Section 1.160, RSMo 2002, bars the circuit court from retroactively applying Section 559.115.7, RSMo Supp.2004.

We faced the same issue in *Irvin v. Kempker*, 152 S.W.3d 358 (Mo.App.2004). We ruled in that case that Section 1.160 did not apply because Section 559.115.7

---

1. Before June 27, 2003, 120–day incarcerations were counted as prior commitments under Section 558.019. In *Star v. Burgess*, 160 S.W.3d 376, 378 n. 2 (Mo. banc 2005), the Supreme Court acknowledged that the General Assembly amended Section 559.115, RSMo Supp.2004, and added subsection 7 which provides that "an offender's first incarceration for 120 days for participation in a depart-

ment of corrections program prior to release on probation shall not be considered a previous prison commitment for purposes of section 558.019, RSMo." The court concluded that, because Star did not raise the issue of whether subsection 7 applied before the circuit court, it would not "convict a lower court of error on an issue that was not put before it to decide." *Id.*

was a new statute that did not repeal or amend a previous statute and because Section 559.115.7 did not shorten the defendant's sentence or alter the law creating the offense. *Id.* at 362; *see also Powell v. Missouri Department of Corrections,* 152 S.W.3d 363, 366 (Mo.App.2004).

Thus, because Section 1.160 does not apply, we turn to the common law under which we presume newly enacted statutes to operate prospectively only. This rule has two exceptions: (1) when the legislature manifests a clear intent that the statute apply retroactively, or (2) when the statute is solely procedural and does not affect the party's substantive rights. *State ex rel. Saint Louis–San Francisco Railway Company v. Buder,* 515 S.W.2d 409, 410 (Mo. banc 1974).

 We find no indication that the General Assembly intended for Section 559.115.7 to apply retroactively. Thus, we must determine whether the statute is procedural or substantive in nature. A law affects substantive rights if it would "take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already passed." *Id.* (quotation omitted). Whereas substantive law creates, defines, and regulates rights, procedural law "is the machinery used for carrying on the suit" and prescribes a method of enforcing rights or obtaining redress for their invasion. *State v. Jaco,* 156 S.W.3d 775, 781 (Mo. banc 2005) (quotation omitted).

Section 559.115.7 is procedural. It clarifies the procedure by which minimum prison terms are determined under Section 558.019. It does not "take away or impair

vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already passed." *Buder,* 515 S.W.2d at 410. It is more akin to the "machinery" by which minimum prison terms are determined.

In *State ex rel. Nixon v. Russell,* 129 S.W.3d 867 (Mo. banc 2004), the Supreme Court held that a new statutory provision, Section 558.016.8, RSMo Supp.2003, could be applied retroactively to individuals sentenced before the amendment's effective date. *Irvin,* 152 S.W.3d at 362. Section 558.016.8 provided that an individual convicted of a nonviolent Class C or Class D felony, with no prior prison commitments, could seek early release on probation, parole, or other alternative sentence by petitioning the sentencing court after serving 120 days of his or her sentence. The *Russell* court concluded that Section 1.160 did not apply and held that, because Section 558.016.8 did not increase the offender's punishment, it could be validly applied. 129 S.W.3d at 871.[2] "As long as the new statute does not increase the length of an offender's sentence, the changes it makes are a fit subject for legislation." *Id.*

Likewise, Section 559.115.7 does not increase the length of an offender's sentence or affect substantive rights. The statute may be applied retroactively; therefore, we affirm the circuit court's judgment.

VICTOR C. HOWARD and RONALD R. HOLLIGER, JJ., concur.

---

**2.** In a footnote, the Russell court said, "Challenges to legislation that would increase sentences are made under the ex post facto clause of the constitution. Mo. Const. art. I, sec. 13. *State ex rel. Cavallaro [v. Groose],* 908 S.W.2d [133,] at 136 [(Mo. banc 1995)]." 129 S.W.3d at 871 n. 7.