**Larry D. CARLYLE, Respondent,**

v.

**MISSOURI DEPARTMENT OF CORRECTIONS and Dennis Agniel, Chair Missouri Board of Probation and Parole, Appellant.**

**No. WD 65441.**

Missouri Court of Appeals,
Western District.

Dec. 13, 2005.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 28, 2006.

Michael J. Spillane, Jefferson City, MO, for Appellants.

John P. O'Connor, Michael L. Belancio, Co-counsel, Kansas City, MO, for Respondent.

Before HARDWICK, P.J., BRECKENRIDGE and SPINDEN, JJ.

LISA WHITE HARDWICK, Judge.

The Missouri Department of Corrections (MDOC) and the Chairman of the Probation and Parole Board appeal from a judgment in favor of Larry Carlyle on his petition for declaratory judgment. Appellants contend the circuit court improperly applied the law in determining that Carlyle had no prior prison commitments and, therefore, was not required by Section 558.019.2(1), RSMo 2000, to serve a minimum of forty percent of his current sentence before becoming eligible for parole. We affirm the judgment based on the circuit court's proper application of existing law.

## FACTUAL AND PROCEDURAL HISTORY

On January 5, 2001, Carlyle was convicted of driving while intoxicated. The circuit court suspended execution of his four-year prison sentence and ordered probation. Carlyle violated the probation and, upon revocation, he was delivered to the MDOC on January 26, 2004, to serve the four-year sentence.

MDOC informed Carlyle that he was required to serve a minimum of forty percent of his sentence under Section 558.019.2(1) [1] because he had a prior prison

---

1. Section 558.019.2 provides in relevant part: (1) If the defendant has one previous prison commitment to the department of corrections for a felony offense, the minimum prison term which the defendant must serve shall be forty percent of his sentence or until the defendant attains seventy years of age, and has served at least forty percent of

commitment. Carlyle had a prior felony conviction for which he had served in MDOC's "120–day call back" treatment program. MDOC concluded that Carlyle's participation in the program constituted a "prior commitment" for purposes of applying the forty percent mandatory minimum provision.

On December 3, 2004, Carlyle filed a petition for declaratory judgment to challenge the calculation of his minimum release date. He asserted MDOC improperly considered the time served on his prior conviction because Section 559.115.7, RSMO Cum.Supp.2004, expressly provides that participation in a 120–day incarceration program does not qualify as a "previous prison commitment" under Section 558.019. Although Section 559.115.7 did not become effective until June 27, 2003—more than two years after Carlyle committed the drunk driving offense for which he is now incarcerated—Carlyle argued the provision should be applied retroactively based on the precedent established in *State ex rel. Nixon v. Russell*, 129 S.W.3d 867 (Mo. banc 2004) (retroactively applying an early prison release statute), *Irvin v. Kempker*, 152 S.W.3d 358 (Mo.App.2004) (retroactively applying § 559.115.7 for purposes of determining prior commitment), and *Powell v. Missouri Department. of*

*Corrections,* 152 S.W.3d 363 (Mo.App.2004) (retroactively applying § 559.115.7). As an inmate with no prior prison commitment, Carlyle asserted he should be eligible for release after serving fifteen percent of his sentence, pursuant to the sentencing guidelines in 14 C.S.R. 80–2.010.

The parties submitted the case on stipulated facts. On April 6, 2005, the circuit court entered judgment in Carlyle's favor. The court retroactively applied Section 558.115.7 and determined that Carlyle was eligible for immediate release because he had served fifteen percent of his sentence by January 26, 2005. MDOC and the Chairman of the Probation and Parole Board appeal from the judgment. Carlyle was released on parole on July 7, 2005.[2]

### POINT ON APPEAL

The Appellants contend the circuit court erroneously determined that Section 559.115.7 could be retroactively applied. They argue that Section 1.160[3] prohibits an amendatory law from retroactively reducing punishment. Appellants further contend the circuit court erred in relying on the precedent recently established in *Irvin* and *Powell* because those cases were "wrongly decided" by our court.

the sentence imposed, whichever occurs first[.]

2. Carlyle argues that this appeal is moot because MDOC has already acquiesced in the circuit court's judgment by releasing him on parole. This contention is without merit. A live controversy remains in that Carlyle is still serving his four-year sentence on parole, even though he is out of prison. *See State ex rel. Nixon v. Russell,* 129 S.W.3d 867, 870 (Mo. banc 2004)

3. Section 1.160 provides:
No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is re-

pealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except:
(1) That all such proceedings shall be conducted according to existing procedural laws; and
(2) That if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.

In reviewing this court-tried case, we must affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). When, as here, a court-tried case is submitted on stipulated facts, we need only determine "whether the trial court drew the proper legal conclusions from the facts stipulated." *Sheldon v. Bd. of Trs. of Police Ret. Sys.*, 779 S.W.2d 553, 554 (Mo. banc 1989). Questions of law are reserved for the independent judgment of the appellate court without deference to the trial court's determination. *Langdon v. United Rests., Inc.*, 105 S.W.3d 882, 886 (Mo.App. 2003).

Our court most recently addressed the retroactive application of Section 559.115.7 in *Nieuwendaal v. Missouri Department of Corrections*, 181 S.W.3d 153 (Mo.App. W.D. 2005). *Nieuwendaal* affirmed the holdings from *Irvin* and *Powell* that " § 1.160 did not apply because § 559.115.7 was a new statute that did not repeal or amend a previous statute and because § 559.115.7 did not shorten the defendant's sentence or alter the law creating the offense." *Id.* at 155.

All three of our prior decisions relied on the Supreme Court's reasoning in *State ex rel. Nixon v. Russell*, 129 S.W.3d 867. *Russell* held that Section 558.016.8, a new parole eligibility statute enacted in the same set of legislation as Section 559.115.7, applied retroactively because it did not change the offender's punishment. *Id.* at 870–71. The Court affirmed that Section 1.160 is inapplicable to any new statute that does not shorten or increase the length of an offender's sentence. *Id.* Applying *Russell*, we held in *Nieuwendaal*: "Likewise, § 559.115.7 does not increase the length of an offender's sentence or

affect substantive rights. The statute may be applied retroactively[.]" Slip op. at 4.

Appellants argue that our prior cases should have followed the Supreme Court's prior ruling in *State v. Lawhorn*, 762 S.W.2d 820, 824–26 (Mo. banc 1988), rather than *Russell*. In *Lawhorn*, the Court considered whether an *ex post facto* violation occurred when a new law mandating a minimum prison term of forty percent was applied to an inmate who was originally required to serve at least one-third of his term. A law falls within the *ex post facto* prohibition if it is retrospectively applied to the disadvantage of an offender by altering "substantial personal rights." *Id.* at 824. The Court explained that "no *ex post facto* violation occurs if a change does not alter 'substantial personal rights,' but merely changes 'modes of procedure which do not affect matters of substance.' " *Id.* The Court ultimately held that the new law could not be retroactively applied because it adversely affected the offender's substantive rights by enlarging his minimum prison term. *Id.* at 825–26.

We agree that *Lawhorn* addressed one of the key issues raised in this appeal: whether a statute that affects the minimum prison time served is substantive or procedural. However, *Lawhorn's* holding that such matters are substantive appears at odds with the Supreme Court's more recent ruling in *Russell* that new statutes affecting the minimum time served in prison are merely procedural and can be retroactively applied. Finding no way to reconcile or distinguish the two decisions, we can only conclude that *Russell* overruled *Lawhorn sub silentio*. Thus, we find no error in the circuit court's reliance on *Russell*, and its progeny in *Irvin* and *Powell*, in determining the outcome of this case.

Existing law permits the retroactive application of Section 559.115.7. Accordingly, the circuit court properly applied the

new statute in determining that Carlyle's previous 120–day incarceration did not constitute a "previous prison commitment" for purposes of Section 558.019.2(1). The judgment is affirmed.

All concur.