**Donald C. BANTLE, Petitioner–Appellant,**

v.

**Charles DWYER, et al., Respondents–Respondents.**

**No. 27465.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 5, 2006.

Motion for Rehearing or Transfer
Denied May 25,2006.

Donald C. Bantle, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Spillane, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Judge.

Donald Bantle ("Appellant") appeals the trial court's judgment denying his pro se petition for declaratory judgment. Appellant contends the trial court erred in determining that his incarceration under Section 217.362 [1] may be considered as a prior prison commitment for the purpose of calculating his mandatory minimum sentence under Section 558.019.[2] We reverse and remand.

### FACTS AND PROCEDURE

On September 27, 2002, Appellant was sentenced to consecutive prison terms of six, six, and five years for three felonies he committed while on parole. The Depart-

---

**1.** All statutory references are to RSMo Cum. Supp. (2004) unless otherwise indicated.

**2.** Statutory references to Section 558.019 are to RSMo (2000), because that is the version of the statute in effect on the date of the last offense committed by Appellant. *See Irvin v.*

*Mo. Bd. of Prob. & Parole,* 34 S.W.3d 202, 206 (Mo.App. W.D.2000). Section 558.019 was amended in 2003. *See* Section 558.019.2(1)-(3), RSMo (2000); Section 558.019.2(1)-(3), RSMo Cum.Supp. (2004).

ment of Corrections ("DOC") informed Appellant that he was required to serve a minimum of eighty percent of his sentence under Section 558.019[3] because he had three prior prison commitments. Appellant served one of his prior commitments in a long-term drug treatment program. The DOC considered his participation in the program as a "prior commitment" for purposes of applying the eighty percent mandatory minimum provision.

On August 30, 2004, Appellant filed a pro se petition for declaratory judgment challenging the DOC's calculation of his minimum prison term. Appellant pointed to Section 217.362.5, which provides that participation in a long-term drug treatment program is not considered a "prior commitment" for purposes of calculating an offender's mandatory minimum sentence. Appellant argued that Section 217.362.5, which took effect June 27, 2003, nine months after his current sentence was imposed, applied retroactively to his sentence. Appellant further explained that with only two "prior commitments," he is only required to serve a minimum prison term of only fifty percent before being eligible for parole.

On March 21, 2005, the trial court entered its judgment denying Appellant's pe-

tition, without providing any findings of fact or conclusions of law. After Appellant filed a "Request to Re–Open Cause of Action and Issue Writ of Mandamus," this court issued an order to the trial court requesting that it show cause why we should not grant relief to Appellant. The trial court set aside its judgment and entered an order directing both parties to submit a proposed order and judgment with findings of fact and conclusions of law.

On July 19, 2005, the trial court entered its memorandum, order and judgment denying Appellant's petition for declaratory judgment. In its judgment, the trial court found that Section 217.362.5 "expressly does not apply to [Appellant]." The trial court found that Section 217.362.5 applies only where an offender's placement in a long-term drug treatment program is his first incarceration to the DOC. The trial court also found that subsection 5 only applied to a first incarceration pursuant to the amended version of Section 217.362. This appeal followed.

## OPINION

In his sole point, Appellant argues that the trial court erroneously interpreted the

---

**3.** Section 558.019.2 provides in relevant part:

Other provisions of the law to the contrary notwithstanding, any defendant who has pleaded guilty to or has been found guilty of a felony other than a dangerous felony as defined in section 556.061, RSMo, and is committed to the department of corrections shall be required to serve the following minimum prison terms:

(1) If the defendant has one previous prison commitment to the department of corrections for a felony offense, the minimum prison term which the defendant must serve shall be forty percent of his sentence or until the defendant attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first;

(2) If the defendant has two previous prison commitments to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the defendant must serve shall be fifty percent of his sentence or until the defendant attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first;

(3) If the defendant has three or more previous prison commitments to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the defendant must serve shall be eighty percent of his sentence or until the defendant attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first.

law in reaching its judgment that his commitment in a long-term drug treatment program constitutes a "prior commitment" for the purpose of calculating his mandatory minimum sentence. Section 217.362.5 provides that, "[a]n offender's first incarceration in a department of corrections program pursuant to this section prior to release on probation shall not be considered a previous prison commitment for the purpose of determining a minimum prison term pursuant to the provisions of [S]ection 558.019, RSMo." Appellant asserts that Section 217.362.5, which took effect June 27, 2003, nine months after his current sentence was imposed, should be applied retroactively. Appellant points this court to several cases that have retroactively applied similar provisions. As an inmate with two prior prison commitments, Appellant argues he should be eligible for release on parole after serving fifty percent of his sentence, pursuant to Section 558.019. The State maintains, however, that the 2003 amendment to Section 217.362 decreasing the mandatory minimum prison term affects substantial rights, and therefore does not apply retroactively.

■ In a court-tried case, we will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).[1] To resolve the issues presented in this case we must interpret the language of both Section 217.362.5, as well as Section 558.019. Statutory construction is a question of law, which we review de novo. *Sheedy v. Missouri Highways and Transp. Comm'n*, 180 S.W.3d 66, 72 (Mo.App. S.D.2005). "In interpreting a

statute, we first look to its plain language to ascertain its meaning." *Irvin v. Kempker*, 152 S.W.3d 358, 360 (Mo.App. W.D. 2004). "If we find that the plain language of a criminal statute is ambiguous, we generally construe the statute in the manner most favorable to the defendant." *Id.* In keeping with this rule, however, we will not ignore common sense or the statute's evident purpose. *Id.*

■ We reject the trial court's construction of Section 217.362.5. A plain reading of this section reveals that it applies to an offender's first incarceration pursuant to Section 217.362. There is no language which indicates that it applies only where an offender's first placement in a long-term drug treatment program is also his first incarceration in the DOC. Where a statute is clear and unambiguous, as it is here, a reviewing court may not add words by implication. *Martinez v. State*, 24 S.W.3d 10, 16 (Mo.App. E.D.2000).

■ The trial court's finding that the statute only applies to commitments under the amended version is erroneous for similar reasons. Section 217.362.5 reads that "[a]n offender's first incarceration in a department of corrections program pursuant to *this section* ..." (emphasis added). It does not read "pursuant to the amended version of this section," or "after June 27, 2003." We will not add words by implication, where a statute is clear and unambiguous. The trial court's construction of Section 217.362.5 is erroneous, as it plainly applies to an offender's first incarceration pursuant to Section 217.362.

■ While we reject the trial court's construction of Section 217.362.5, we may affirm the trial court in a declaratory judg-

---

4. *Murphy* interpreted the provisions of Rule 73.01(c). The provisions of that rule now appear in essentially the same form in Rule 84.13(d), Missouri Rules of Civil Procedure (2005).

ment case even where we do not agree with its reasoning. *Hadel v. Board of Educ. of School Dist. of Springfield, R–12,* 990 S.W.2d 107, 114 (Mo.App. S.D.1999). "We are constrained to affirm the trial court's judgment if the result reached is correct on any tenable basis." *Id.*

The remaining issue we must still determine is whether Section 217.362.5 applies retroactively. "[A] criminal statute may be applied to a person already convicted or in prison unless the statute: (a) reduces or increases the offender's sentence, or (b) alters the law creating the offense pursuant to which the offender was convicted." *Irvin,* 152 S.W.3d at 361.

In *State ex rel. Nixon v. Russell,* 129 S.W.3d 867, 870 (Mo. banc 2004), the Supreme Court held that a new statutory provision allowing an offender to petition for early parole applies retroactively. The statute at issue in *Russell* was Section 558.016.8, which allows an offender convicted of a nonviolent class C or D felony, who has no prior prison commitments, and has served one hundred twenty days of his sentence, to petition the sentencing court to serve the remainder of the sentence on probation or parole. *Id.* at 868. The Court addressed whether the application

of Section 558.016.8 would violate Section 1.160,[5] which addresses the effect of the repeal or amendment of a penal statute. *Id.* at 870. The Court found that application of Section 558.016.8 did not violate Section 1.160 because "Section 556.016.8 is a new statutory provision; it does not repeal or amend any previously existing statute." *Id.* The Court recognized that the granting of parole does not reduce the sentence imposed, but merely changes the location or circumstances under which the sentence is served. *Id.* at 870–71. Explaining that "application of [S]ection 558.016.8 does not shorten his sentence, nor does it alter the law creating the offense[,]" the Court held that it could be applied retroactively. *Id.*

Subsequent to the Supreme Court's holding in *Russell,* the western district has held on four separate occasions that Section 559.115.7 applies retroactively. *See Ridinger v. Mo. Bd. of Probation and Parole,* 189 S.W.3d 658 (Mo.App.W.D. 2006); *Carlyle v. Mo. Dept. of Corrections,* 184 S.W.3d 76 (Mo.App.W.D.2005); *Nieuwendaal v. Mo. Dept. of Corrections,* 181 S.W.3d 153 (Mo.App.W.D.2005); and *Irvin,* 152 S.W.3d at 362.[6] Section 559.115.7

**5.** References to Section 1.160 are to RSMo (2000), which was the version of that statute in effect when *Russell* was decided. The 2005 amendments to Section 1.160 are not relevant to our analysis, because we follow *Russell* in holding that Section 1.160 does not apply to provisions which are new and do not repeal or amend existing law. Section 1.160, RSMo (2000), provides:

No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except:

(1) That all such proceedings shall be conducted according to existing procedural laws; and
(2) That if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.

**6.** The western district in *Powell v. Mo. Dept. of Corrections,* 152 S.W.3d 363, 366 (Mo.App. W.D.2004), recognized without further discussion that, "[i]n *Irvin v. Kempker,* which is being handed down simultaneously with this opinion, we hold that the amendment to [Section 559.115.7] applies retroactively." (citation omitted).

In *Ridinger,* the western district also held that Section 217.362.5 applies retroactively be-

relates that "[a]n offender's first incarceration for one hundred twenty days for participation in a department of corrections program prior to release on probation shall not be considered a previous prison commitment for the purpose of determining a minimum prison term under the provisions of [S]ection 558.019, RSMo."

*Irvin* followed *Russell* in holding that Section 1.160 does not apply to new provisions that do not repeal or amend a previous statute. 152 S.W.3d at 362. *Irvin* also affirmed the principle that statutes affecting an offender's parole eligibility do not reduce or lengthen the sentence imposed. *Id.*

In *Nieuwendaal*, after recognizing again that Section 1.160 does not apply to new statutory provisions, the western district determined that Section 559.115.7 applies retroactively because it is a procedural statute that does not affect substantive rights. No. WD 65245, slip op. at 5. "[W]e presume newly enacted statutes to operate prospectively only. This rule has two exceptions: (1) when the legislature manifests a clear intent that the statute apply retroactively, or (2) when the statute is solely procedural and does not affect the party's substantive rights." *Id.* at 4. In determining that Section 559.115.7 was procedural in nature the court related that:

> [Section 559.115.7] clarifies the procedure by which minimum prison terms are determined under Section 558.019. It does not "take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already passed."

cause it is "virtually identical to the 2003 amendment to [S]ection 559.115.7 and also is a new statute that does not shorten a defen-

*Id.* at 5 (quoting *State ex rel. Saint Louis–San Francisco Ry. Co. v. Buder,* 515 S.W.2d 409, 410 (Mo. banc 1974)).

■ Sections 559.115.7 and 217.362.5 serve a nearly identical purpose. Both statutes exempt a particular type of incarceration from consideration when determining an offender's minimum prison term. Section 217.362.5 is a new statutory provision that neither repeals nor amends any previously existing statute. As a statute affecting an offender's parole eligibility, neither does it lengthen or shorten an offender's sentence. Accordingly, *Russell* instructs us to apply Section 217.362.5 retroactively. 129 S.W.3d at 870.

The State, in arguing that *Russell* does not control, does not attempt to distinguish the cases from the western district, but argues that retroactive application of Section 217.362.5 is inconsistent with the Supreme Court's holding in *State v. Lawhorn,* 762 S.W.2d 820 (Mo. banc 1988).

■ In *Lawhorn,* the Supreme Court held that a new statute adversely affecting a prisoner's parole eligibility could not be applied retroactively. *Id.* at 826. The Court was concerned with the prohibition against *ex post facto* laws found in Article I, § 10 of the United States Constitution and Article I, § 13 of the Missouri Constitution. *Id.* at 824. "In order to fall within the *ex post facto* prohibition a law 'must be retrospective, that is, it must apply to events occurring before its enactment' and 'it must disadvantage the offender affected by it.'" *Id.* at 824 (quoting *Weaver v. Graham,* 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981)).

The Court recognized that a law will not violate the prohibition against *ex post facto* laws if it simply changes methods of proce-

dant's sentence or alter the law creating the offense[.]" 189 S.W.3d at 663.

dure rather than matters of substance and does not alter substantial personal rights. *Id.* The Court also noted that a law need not impair a vested right to violate the *ex post facto* clause. *Id.* at 825. "[A]dverse changes in the time at which a prisoner becomes eligible for parole consideration may violate the *ex post facto* clause." *Id.* at 826. Finally the Court explained that:

> Although appellant's right to parole is not certain under the old law, under the new statute the parole board is precluded from exercising its discretion until a certain period of time has passed. Thus, appellant has been deprived of any possibility of parole until he has served forty percent of his sentence. This is clearly a change in the law which disadvantages appellant.

*Id.* The State argues that *Lawhorn* prohibits the retroactive application of a statute which increases or decreases the mandatory minimum prison term, because such a change is substantive rather than procedural. We disagree. Simply put, Section 217.362.5 is not a law which disadvantages an offender, and therefore, *Lawhorn* does not control its application. While we recognize that "adverse changes in the time at which a prisoner becomes eligible for parole consideration may violate the *ex post facto* clause," *Id.* at 826, *Russell* clearly holds that "[a]s long as [a] new statute does not increase the length of an offender's sentence, the changes it makes are a fit subject for legislation." 129 S.W.3d at 871.

Following *Russell*, it is clear that the State improperly calculated Appellant's minimum prison term. In determining that Appellant had three prior commitments, the State considered Appellant's placement in a long-term drug treatment program pursuant to Section 217.362. The new statutory provision, Section 217.362.5, clearly prohibits this. Appellant's mini-

mum prison term should have been determined as if he had only two prior prison commitments, rather than three.

The trial court erred in denying Appellant's request for declaratory relief. We reverse the judgment below and remand the matter for further proceedings consistent with this opinion.

BATES, C.J., and BARNEY, J., concur.