**Nicholas A. CANALE, Respondent,**

v.

**DEPARTMENT OF CORRECTIONS, STATE OF MISSOURI,**
**Appellant.**

**No. WD 65239.**

Missouri Court of Appeals,
Western District.

June 20, 2006.

Stephen D. Hawke, Jefferson City, MO, for appellant.

Karen Bourgeois, Columbia, MO, for respondent.

Before SMITH, P.J., NEWTON and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

The Missouri Department of Corrections (MDOC) appeals from a declaratory judgment in favor of Nicholas Canale. MDOC contends the circuit court erred in determining the minimum prison time Canale must serve based on the number of his prior prison commitments. We agree and reverse the judgment.

## FACTUAL AND PROCEDURAL HISTORY

On March 4, 2002, Canale was convicted of stealing and first-degree tampering, for which he was sentenced to concurrent five-year prison terms. Canale was released on probation after successfully completing a 120–day call back program. The probation was revoked in May 2003, after Canale was convicted of forgery and sentenced to a four-year prison term. Canale is now serving his five-year prison sentences on the stealing and first-degree tampering convictions concurrently with his four-year sentence on the forgery conviction.

Based on the minimum prison term provisions of Section 558.019.2, RSMo 2000,[1] the MDOC determined that Canale was required to serve at least fifty percent of his sentence for stealing and first-degree tampering because he had two prison commitments prior to those convictions. The MDOC further determined that Canale was required to serve at least eighty percent of his sentence for forgery because he had three prior prison commitments.

Canale filed a declaratory judgment petition to challenge the MDOC's determination of minimum prison terms based on his prior commitments. The petition alleged that MDOC had improperly considered Canale's completion of a 120–day callback program in 1996 as one of two commitments prior to his 2002 convictions. Canale argued that the 120–day callback could not be counted as prior commitment under a recent amendment to Section 559.115.7, RSMo Cum.Supp.2004.[2] Based on the retroactive application of this amendment, Canale argued that he had only one prison commitment prior to his convictions for stealing and tampering, and two commitments prior to his forgery conviction. Thus, he contended that Section 558.019 required him to serve forty percent of his sentences for stealing and tampering, and fifty percent of his sentence for forgery.

The circuit court agreed with Canale's argument and entered a declaratory judgment in his favor. On appeal, MDOC contends: (1) the circuit court erred in retroactively applying Section 559.115; and (2) even if the retroactive application was proper, the circuit court erred in determining the number of Canale's prior prison commitments and, consequently, his minimum prison terms.

---

1. Section 558.019.2 provided in relevant part:

   (1) If the defendant has one previous prison commitment to the department of corrections for a felony offense, the minimum prison term which the defendant must serve shall be forty percent of his or her sentence

   . . .

   (2) If the defendant has two previous prison commitments to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the defendant must serve shall be fifty percent of his or her sentence . . .

   (3) If the defendant has three or more previous prison commitments to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the defendant must serve shall be eighty percent of his or her sentence . . .

2. As amended, Section 559.115.7 provides that "[a]n offender's first incarceration for one hundred twenty days for participation in a department of corrections program" does not qualify as a previous "prison commitment" for the purposes of calculating a mandatory minimum under § 558.019.2.

## STANDARD OF REVIEW

In this court-tried case, we must affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). This appeal raises questions of law, which we review *de novo*, without deference to the circuit court's determination. *Langdon, v. United Rest., Inc.*, 105 S.W.3d 882, 886 (Mo.App.2003).

## ANALYSIS

■ In *Irvin v. Kempker*, 152 S.W.3d 358, 362 (Mo.App.2004), we declared that the amended version of Section 559.115 applied retroactively. Here, the circuit court relied on *Irvin* and our similar holding in *Powell v. Missouri Department of Corrections*, 152 S.W.3d 363 (Mo.App. 2004), in determining that the amendment precluded counting the 1996 120–day callback program as a prior commitment for purposes of calculating Canale's minimum prison time. We find no error in this retroactive application, particularly in light of recent decisions reaffirming our holding in *Irvin* and *Powell*. *Nieuwendaal v. Mo. Dep't of Corr.*, 181 S.W.3d 153, 155 (Mo. App.2005); *Carlyle v. Mo. Dep't of Corr.*, 184 S.W.3d 76, 79 (Mo.App.2005).

■ Although the circuit court properly excluded Canale's first 120–day callback, it nonetheless erred in determining that he had only one commitment prior to the execution of his sentences in May 2003 on the convictions for stealing and tampering. The record reflects that, on February 23, 1996, Canale was convicted on two counts of distributing/manufacturing a controlled substance and was sentenced to concurrent five-year prison sentences. He completed the 120–day callback program and was released from prison on May 25, 1996. However, he returned to prison on July 3, 1996, following a probation violation, and continued serving his five-year sentences on the drug convictions until he was paroled in December 1997.

In *Ridinger v. Missouri Board of Probation and Parole*, No. WD 64619, 194 S.W.3d. 658, 2006 WL 1070790 (Mo.App. Apr.26, 2006), we recognized that an incarceration following a probation revocation counts as a commitment, even if the original 120–day callback is excluded as a commitment. Accordingly, Canale's return to prison in July 1996 constituted his first MDOC commitment, for purposes of any subsequent determination of minimum prison terms under Section 558.019.

In April 1998, while on parole, Canale was convicted on charges of forgery and resisting arrest, and was sentenced to serve concurrent three-year prison terms. Canale began serving those sentences in September 1998 and remained in prison until his conditional release in February 2001. This period of incarceration was his second commitment to MDOC.

Based on this history, Canale had two prior prison commitments at the time he began serving his five-year sentences for the stealing and tampering convictions in May 2003. Therefore, he is required to serve at least fifty percent of those sentences under the minimum prison term provision of Section 558.019.2(2), RSMo Cum.Supp.2005. Because Canale had three prison commitments prior to beginning his four-year sentence on the forgery charge in April 2004, he is required to serve eighty percent of that sentence under Section 558.019.2(3), RSMo Cum.Supp. 2005.

## CONCLUSION

The circuit court erred in determining the number of Canale's prior commitments and, thus, the minimum prison terms he

must serve pursuant to Section 558.019. Accordingly, the judgment is reversed. Judgment is granted in favor of MDOC, consistent with the applications of law set forth in this opinion. Rule 84.14.

All concur.

