**NEW MADRID COUNTY,**
Plaintiff–Respondent,

v.

**ST. JOHN LEVEE AND DRAINAGE
DISTRICT, Defendant–
Appellant.**

No. SD 32622.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 16, 2013.

W. Edward Reeves, Caruthersville, MO,
for Appellant.

Joseph C. Blanton, Jr., Sikeston, MO,
for Respondent.

MARY W. SHEFFIELD, J.

This is an appeal from a judgment in favor of New Madrid County ("County") in an action for declaratory judgment. St. John Levee & Drainage District ("Drainage District") appeals, arguing the trial court misapplied Section 242.350.[1] We agree and reverse the trial court's decision.

### Standard of Review

"[I]n a court-tried case this [C]ourt must affirm the judgment unless it is unsupported by the evidence, it is against the weight of the evidence, or erroneously declares or applies the law." *O'Bernier v. R.C. & Associates, Inc.,* 47 S.W.3d 422, 423 (Mo.App. S.D.2001). To resolve the issue presented in this case, we must interpret the language of Section 242.350. "Statutory construction is a question of law, which

---

1. All statutory references are to RSMo (2000).

we review de novo." *Bantle v. Dwyer*, 195 S.W.3d 428, 431 (Mo.App. S.D.2006).

### Factual and Procedural Background

■ County owns land within the geographic boundaries of Drainage District.[2] In 1975, County built a bridge over one of Drainage District's ditches. This bridge became known as the Sugar Tree Bridge. County has continuously maintained the Sugar Tree Bridge.

In May 2011, the U.S. Army Corps of Engineers activated a floodway which flooded the ditch crossed by Sugar Tree Bridge. The wooden deck of Sugar Tree Bridge was washed away during the flooding. After the flood, the steel bridge structure, the steel pilings, and the concrete supports still existed.

In June 2012, Consolidated Drainage District of Mississippi County, a separate drainage district which owns and maintains ditches upstream from Drainage District, removed the steel pilings without Drainage District's knowledge. Later, Drainage District widened the ditch by approximately 40 feet. In doing so, it damaged the public road and removed the remaining parts of Sugar Tree Bridge.

Prior to the complete destruction of Sugar Tree Bridge, County intended to repair the bridge. However, after the ditch was widened, Drainage District informed County it would not approve plans for a bridge that did not fully span the widened ditch.

On August 18, 2011, County filed a petition against Drainage District seeking a declaratory judgment. County requested a declaration that in spite of Section 242.350.1, County was not required to obtain Drainage District's approval of its plans to rebuild the bridge to the original specifications. County argued it was entitled to that declaration because it had authority to repair the bridge and because Drainage District was responsible for the wrongful removal of the remains of the bridge.

On February 13, 2013, the trial court entered judgment in favor of County, ordering that County "has the authority and right to" reconstruct Sugar Tree Bridge without obtaining Drainage District's approval of the plans. Drainage District appeals.

### Discussion

■ In its sole point on appeal, Drainage District argues the trial court misapplied the law because Section 242.350 requires Drainage District's approval before a bridge crossing one of its ditches can be built or enlarged. We agree.

Resolution of this case depends on the interpretation of a statute. Before looking at the language of the statute, it is helpful to reiterate the principles of statutory construction. "The primary rule of statutory

---

2. In the trial court, the parties agreed to submit the case on the exhibits submitted to the trial court. The record on appeal does not contain the exhibits submitted to the trial court. Nevertheless, both parties treat the case as one of stipulated facts and cite to the findings of fact in the trial court's judgment to support their factual assertions. "[A] statement of fact asserted in one party's brief and conceded as true in the opposing party's brief may be considered as though it appears in the record." *Rogers v. Hester ex rel. Mills*, 334 S.W.3d 528, 541 (Mo.App. S.D.2010) (quoting *In re Trust of Nitsche*, 46 S.W.3d 682, 684 (Mo.App. S.D.2001)). Furthermore, this Court is authorized to decide appeals based on an agreed statement as the record on appeal. *See* Missouri Court Rule 81.13 (2013). For those reasons, we adopt the parties' choice to use the trial court's judgment as the agreed statement of facts on appeal. The statement of facts above has been prepared accordingly.

construction is to give effect to legislative intent as reflected in the plain language of the statute." *Hardesty v. City Of Buffalo,* 155 S.W.3d 69, 73–74 (Mo.App. S.D.2004). "Courts apply certain guidelines to interpretation, sometimes called rules or canons of statutory construction, when the meaning is unclear or there is more than one possible interpretation." *State v. Storer,* 368 S.W.3d 293, 295 (Mo.App. S.D.2012) (quoting *State v. Rowe,* 63 S.W.3d 647, 649 (Mo. banc 2002)). "When the words are clear, however, there is nothing to construe beyond applying the plain meaning of the law." *Id.*

With these principles in mind, we turn to the applicable statutory language. Section 242.350.1 provides that "[a]ll bridges contemplated by sections 242.010 to 242.690 and all enlargements of bridges already in existence shall be built and enlarged according to and in compliance with the plans, specifications and orders made or approved by the chief engineer of the district." Here, the bridge has been destroyed, and all the remnants have been removed. There is no bridge left to repair. Rather, replacing the bridge would require building a completely new bridge, which brings the project within the plain meaning of the language of Section 242.350. Thus, the trial court erred in determining County did not need Drainage District's approval of the plans for the bridge.

County's arguments to the contrary are without merit. First, County discusses Section 234.010 and *Hoskins v. Shelby County,* 536 S.W.2d 1 (Mo. banc 1976). Section 234.010 provides that "[e]ach county commission shall determine what bridges shall be built and maintained at the expense of the county[.]" In *Hoskins,* the Supreme Court of Missouri examined the interplay between Sections 234.010 and 242.350 to determine whether a county was

obligated to rebuild a bridge that had washed away. 536 S.W.2d at 5–6. In that specific context, the Supreme Court of Missouri held the county could not be compelled to replace the bridge. *Id.* at 5. In an attempt to avoid that result, the plaintiffs in *Hoskins* argued Section 242.350 must take precedence over Section 234.010 because Section 242.350 was a more specific statute. *Id.* at 6. The court rejected that argument because Section 242.350 did not answer the specific question of the length of the duty to maintain a bridge. *Id.* Based on that reasoning, County contends "the *Hoskins* court held that Section 242.350 can only be given precedence over the broad discretion granted a county in Section 234.010 if Section 242.350 provides the answer to the specific question at issue." County's reading of *Hoskins* is overbroad. *Hoskins* merely stands for the proposition that Section 242.350 cannot be used to require a county to build a bridge. *Id.* at 5. Here, Drainage District is not attempting to compel County to build or enlarge the Sugar Tree Bridge. Drainage District is merely asserting its right under Section 242.350.1 to approve the plans for the bridge if the bridge is built.

County next argues it is entitled to rebuild the bridge without Drainage District's approval because Drainage District's destruction of the remaining parts of the bridge and expansion of the ditch will cause the bridge building project to cost more. However, Drainage District's fault or lack of fault, in the destruction of the bridge had no relevance to the issue before the trial court. The only issue before the trial court was whether County needed Drainage District's approval of County's plans to rebuild Sugar Tree Bridge. Under the plain language of Section 242.350.1, such approval was required, regardless of whether Drainage District was at fault or not for the removal of the bridge remnants.

The trial court's conclusion to the contrary rests on Section 242.350.5. Based on its reading of that subsection, the trial court concluded "that when a bridge that has become part of a road is destroyed, then the authorities having control of the road are authorized to *reconstruct* the bridge." (Emphasis in original). This conclusion rests on a misreading of Section 242.350.5.

Section 242.350.5 provides as follows:

*When any drainage district has heretofore constructed or shall hereafter construct a bridge* over a drainage ditch where the same crosses any public highway, said drainage district shall not be under obligation thereafter to further maintain or reconstruct any such bridge or bridges for more than twenty years after it first constructed or constructs such bridge at said place. If said bridge has been constructed by the drainage district and has become a part of said road and is then destroyed the authorities having control of the road are authorized, if they desire, to reconstruct such bridge, provided, however, the word corporation as used in this section shall not apply to the state or any political or civil subdivision thereof.

§ 242.350.5 (emphasis added). As can be seen from this quotation, Section 242.350.5 by its plain language applies to bridges built by the drainage district. Here, Sugar Tree Bridge was originally built by County. Thus, Section 242.350.5 does not apply.

In sum, the trial court misapplied the law when it ruled County did not need Drainage District's approval of County's plans to rebuild Sugar Tree Bridge. Drainage District's sole point on appeal is granted.

***Decision***

The trial court's judgment is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

JEFFREY W. BATES, P.J., and GARY W. LYNCH, J., CONCUR.