**Desimund STAR, Appellant,**

v.

**William BURGESS, et al., Respondents.**

**No. SC 85842.**

Supreme Court of Missouri, En Banc.

April 12, 2005.

Rehearing Denied May 10, 2005.

Desimund Star, Fordland, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Spillane, Andrea K. Spillars, Asst. Attys. Gen., Jefferson City, for Respondents.

## PER CURIAM.

Desimund Star was convicted of failing to return leased or stolen property. He was sentenced to three years imprisonment. The department of corrections notified Star that he must complete 80% of his sentence because of his prior prison commitments. Star filed this action challenging the department's determination. The trial court held that the department's calculation was correct. Star contends the pertinent statutes are invalid because they are vague. This Court has jurisdiction. *Mo. Const. article V, section 3.* Finding that the trial court properly applied the pertinent statutes and that they are not vague, the judgment is affirmed.

Prior to his current confinement, the department received Star on separate dates for cases involving: (1) assault and forgery, (2) probation violation and new counts of forgery, (3) tampering, and (4) possession of a controlled substance. Under section 558.019.2(3): [1]

> (3) If the offender has three or more previous prison commitments to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the offender must serve shall be eighty percent of his or her sentence....

---

1. All statutory citations not otherwise identified are to RSMo 2000.

Star asserts fewer than three of his previous convictions resulted in prison commitments. As to the initial assault and forgery convictions, he notes he received probation after 120 days under section 559.115. Since he was on house arrest for the new forgery offenses at the time he was returned to the department of corrections for the tampering convictions, Star contends one of the offenses should not constitute a prior commitment. He claims the controlled substance conviction is excluded because it is a chapter 195 offense.

■ Star notes that he was sentenced under section 559.115 for the initial assault and forgery convictions. That section permits a judge to review the sentence within the first 120 days of delivery to the department of corrections and, if warranted, release the person from the department and place them on probation. Star's sentence was reviewed, and he was placed on probation. Star argues that such a sentence is not a prior commitment for purposes of section 558.019. That section, however, defines "prison commitment" as "receipt by the department of corrections of a defendant after sentencing." There is no dispute that the department of corrections received Star after sentencing on the assault and forgery offenses. Nothing in section 558.019 or section 559.115 modifies this definition with respect to commitments under section 559.115 or otherwise provides that commitments under section 559.115 are not to be used for purposes of determining the number of prior commitments under section 558.019.[2] The initial

assault and forgery convictions resulted in a prior prison commitment.

■ The new forgery convictions also resulted in a prior prison commitment. Star alleges, however, that because he was on house arrest for these convictions at the time he was convicted of the tampering conviction, there was no new commitment for the tampering offense. As noted, section 558.019 defines a "prison commitment" as being received by the department after a conviction. Star meets this definition on the tampering offense. Although on house arrest for the forgery offenses, the department received Star anew after his tampering conviction. *See, Boersig v. Missouri Dept. of Corrections,* 959 S.W.2d 454, 457 (Mo. banc 1997)(a paroled person is released from the custody of the department of corrections and placed under the supervision of the board of probation and parole). The tampering conviction constituted a third prison commitment.

As the record reflects three prior prison commitments, it is not necessary to address Star's conviction on possession of a controlled substance.

Star's other claims are: (1) summary judgment was improperly granted because disputes remain between the parties and (2) the statutes are void for vagueness.

Although disputes remained between the parties, no genuine issue as to any material fact existed.

■ As to the void for vagueness challenge, Star declares that the statute fails to give notice, guidance, to those men

---

2. Since Star filed this action, section 559.115, RSMo Supp.2004, has been enacted. As amended, section 559.115 provides that an offender's first incarceration for 120 days for participation in a department of corrections program prior to release on probation shall not be considered a previous prison commitment for purposes of section 558.019. Section 559.115.7, RSMo Supp.2004. Whether this section provides relief to Star was not raised in the trial court. This Court generally will not convict a lower court of error on an issue that was not put before it to decide. *Lincoln Credit Co. v. Peach,* 636 S.W.2d 31, 36 (Mo. banc 1982).

and women of common intelligence who must apply the statute. He also states there remain controversies referencing section 558.019 where the courts and the board of probation and parole are left guessing at the statute's meaning and interpretation. In reviewing vagueness challenges, the language is to be evaluated by applying it to the facts at hand. *Cocktail Fortune, Inc. v. Supervisor of Liquor Control,* 994 S.W.2d 955, 958–59 (Mo. banc 1999). Under the facts of this case, the statute is not vague simply because the parties contest the applicability of the statute.

The judgment is affirmed.

All concur.