**Joseph A. GILLES, Appellant,**

v.

**MISSOURI DEPARTMENT OF CORRECTIONS, Respondent.**

**No. WD 65864.**

Missouri Court of Appeals, Western District.

April 25, 2006.

Motion to Publish Granted and Opinion Modified May 30, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 27, 2006.

Joseph A. Gilles, Jefferson City, MO, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Spillane, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before BRECKENRIDGE, P.J., and HOWARD and HOLLIGER, JJ.

VICTOR C. HOWARD, Judge.

Joseph A. Gilles appeals the circuit court's grant of summary judgment in favor of the Missouri Department of Corrections ("MDOC") on Gilles's petition for declaratory judgment. Gilles contended in his petition that the MDOC erred in calculating that he had three or more prior commitments on two separate cases, requiring him to serve a minimum of eighty percent of his sentence before he is eligible for release under section 558.019.[1] Gilles's sole point on appeal, as stated in his point

---

1. All statutory references are to RSMo Cum. Supp.2005, unless otherwise indicated.

relied on, is that the trial court erred in granting summary judgment for the MDOC because binding precedent strictly and clearly prohibits the MDOC from using sentences pursuant to section 559.115 as "previous commitments" in calculating the minimum prison term he must serve prior to being eligible for parole under section 558.019.

We affirm.

### Facts

Joseph Gilles has been convicted and sentenced five times for driving while intoxicated. Gilles was sentenced in Case No. CR393–1079FX (Case 1) on April 4, 1994, to three years in the MDOC with a 120–day callback under section 559.115 by the Circuit Court of Cole County, Missouri, for driving while intoxicated on July 31, 1993. Gilles was received into the MDOC on this sentence on April 15, 1994. Gilles was released from the MDOC to probation on August 15, 1994.

On April 17, 1995, Gilles was convicted in Cole County of another driving while intoxicated offense that occurred on February 22, 1995, in Case No. CR395311–FX (Case 2), while Gilles was on probation from Case 1. Also on April 17, 1995, the Circuit Court of Cole County revoked Gilles's probation in Case 1. Gilles was received into the MDOC on April 18, 1995, both for service of the new sentence in Case 2 and as a probation revokee on the sentence in Case 1. Gilles was then paroled after serving approximately two years.

On November 5, 1997, Gilles committed a new offense of driving while intoxicated in Newton County, Missouri, in Case No. CR497–2270FX (Case 3), for which he was sentenced to four years on November 10, 1998. Gilles returned to the MDOC on November 17, 1998. This was a 120–day incarceration under section 559.115, and

Gilles was again released on probation on March 17, 1999.

On February 1, 2002, Gilles committed another driving while intoxicated offense, this time in Miller County, Missouri, in Case No. CR602–411FX (Case 4), for which he was convicted and sentenced on June 17, 2002, to five years in the MDOC with the possibility of a 120–day callback under section 559.115. On June 19, 2002, Gilles was received into the MDOC for service of the sentence in Case 4. His probation was also revoked in Case 3.

On March 19, 2002, Gilles committed a driving while intoxicated offense in Cole County, Missouri, in Case No. 02CR323953–01 (Case 5), for which he was sentenced on November 12, 2002, to five years' imprisonment. He was also received into the MDOC on November 12, 2002.

The MDOC calculated that Gilles had three or more prior commitments on both Cases 4 and 5. Consequently, the MDOC informed Gilles that he must serve a minimum of eighty percent of his sentence before he is eligible for release under section 558.019.2.

Gilles filed a petition for declaratory judgment in the Circuit Court of Cole County, alleging that none of his prior incarcerations under section 559.115 should count as commitments because these were "regimented discipline programs" under section 217.378, which are excluded from being counted as commitments under section 558.019. Gilles also argued that section 559.115.7, which excludes the first 120–day incarceration for a MDOC program from being counted as a commitment, should be applied retroactively to his case.

The Circuit Court of Cole County granted summary judgment for the MDOC on July 20, 2005, holding that a 120–day com-

mitment under section 559.115 is not a regimented discipline program under section 217.378, and that even if the initial incarceration under section 559.115 is not counted as a commitment, the commitment count remains three or more commitments on the controlling sentence and parole eligibility remains the same. Gilles appeals.

## Standard of Review

Appellate review of summary judgment is de novo, with no deference given to the circuit court's ruling. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Pursuant to Rule 74.04(c)(6), "[s]ummary judgment is appropriate when there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law." *Johnson v. Mo. Dep't of Corr.*, 166 S.W.3d 110, 111 (Mo. App. W.D.2005).

## Discussion

■ Gilles's sole point on appeal, as stated in his brief's point relied on, is that the trial court erred in granting summary judgment for the MDOC because binding precedent strictly and clearly prohibits the MDOC from using sentences pursuant to section 559.115 as "previous commitments" in calculating the minimum prison term Gilles must serve prior to being eligible for parole under section 558.019.

We first address Gilles's stated point relied on, that the MDOC cannot use sentences pursuant to section 559.115 as "previous commitments" in calculating the minimum prison term he must serve prior to being eligible for parole under section 558.019. The Missouri Supreme Court rejected this argument in *Star v. Burgess*, 160 S.W.3d 376, 378 (Mo. banc 2005), finding that "[n]othing in section 558.019 or section 559.115 ... provides that commitments under section 559.115 are not to be used for purposes of determining the number of prior commitments under section 558.019." The court noted that while the action was pending, section 559.115.7 was enacted. *Star*, 160 S.W.3d at 378 n. 2. However, the court did not consider whether section 559.115.7 could afford the inmate relief, as he did not raise the issue before the trial court. *Id.*

Section 559.115.7 provides that "[a]n offender's first incarceration for one hundred twenty days for participation in a department of corrections program prior to release on probation shall not be considered a previous prison commitment for the purpose of determining a minimum prison term under the provisions of section 558.019, RSMo." This section was enacted in 2003. It applies retroactively. *Nieuwendaal v. Mo. Dep't of Corr.*, 181 S.W.3d 153, 155 (Mo.App. W.D.2005); *Powell v. Mo. Dep't of Corr.*, 152 S.W.3d 363, 366 (Mo.App. W.D.2004); *Irvin v. Kempker*, 152 S.W.3d 358, 362 (Mo.App. W.D.2004).

Section 559.115.7 clearly indicates that it is only an offender's *first* incarceration under section 559.115 that may not be considered a previous prison commitment for the purpose of determining a minimum prison term under section 558.019. Therefore, it is only Gilles's initial incarceration in Case 1, on April 15, 1994, which may not be considered a "previous prison commitment" for the purpose of determining Gilles's minimum prison term under section 558.019. Gilles's argument that section 559.115.7 is retroactively applicable to this case has no effect on the outcome of the case because, as discussed below, we agree with the trial court that even disregarding the April 15, 1994, incarceration in Case 1, Gilles still has three or more previous commitments on his controlling sentence.

■ We next address Gilles's argument that the MDOC erred in concluding that

he has three or more previous prison commitments "unrelated to the present offense" that should be counted against his sentences in Cases 4 and 5, requiring him to serve eighty percent of those sentences prior to parole eligibility under section 558.019.2(3).

We initially note that this issue was not preserved for appellate review. It was not raised in Gilles's petition for declaratory judgment. The first time this issue was raised before the trial court was in Gilles's response to the MDOC's motion for summary judgment. It was not decided by the trial court. "An issue that was never presented to or decided by the trial court is not preserved for appellate review." *State ex rel. Nixon v. Am. Tobacco Co., Inc.,* 34 S.W.3d 122, 129 (Mo. banc 2000). We "will generally not convict a lower court of error on an issue that was not put before it to decide." *Smith v. Shaw,* 159 S.W.3d 830, 835 (Mo. banc 2005). When an issue has not been preserved on appeal, we may, in our discretion, review for plain error. *Smith v. White,* 114 S.W.3d 407, 412 (Mo.App. W.D. 2003). "We rarely review for plain error in civil cases, however." *Id.* We find no error by the trial court on this issue, plain or otherwise.

Section 558.019.2 provides, in relevant part, as follows:

Other provisions of the law to the contrary notwithstanding, any offender who has pleaded guilty to or has been found guilty of a felony other than a dangerous felony as defined in section 556.061, RSMo, and is committed to the department of corrections shall be required to serve the following minimum prison terms: ...

(3) If the offender has three or more previous prison commitments to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the offender must serve shall be eighty percent of his or her sentence or until the offender attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first.

Section 558.019.2 further provides that "[f]or the purposes of this section, 'prison commitment' means and is the receipt by the department of corrections of an offender after sentencing."

We first address whether the MDOC erred in determining that Gilles had three or more previous prison commitments for felonies unrelated to Case 4, requiring him to serve at least eighty percent of his sentence.

Gilles contends that Case 1 and Case 2 only count as one previous prison commitment under section 558.019 because the cases are related and should only be counted as a single commitment when he was delivered to the MDOC on April 18, 1995. Specifically, Gilles contends that Case 1 and Case 2 are related because the court revoked his probation in Case 1 due to the violation of laws in Case 2. Gilles contends that when he was delivered to the MDOC on April 18, 1995, in accordance with the sentence and judgment of the Circuit Court of Cole County, Cases 1 and 2, this was his first "commitment" to the MDOC.

Similarly, Gilles contends that the MDOC cannot use his sentence in Case 3 pursuant to section 559.115 as a "previous commitment" in calculating the minimum prison term he must serve prior to being eligible for parole under section 558.019 because Case 3 is related to Case 4 in that the Circuit Court of Newton County revoked his probation in Case 3 due to the violation of laws in Case 4. Therefore, Gilles contends, there is only one prior unrelated commitment which should be counted as to Case 4.

Gilles argues that offenses that are related to each other should not count as commitments. That is, if offense B is the reason a probation for offense A was revoked, then offense B should not count as a commitment. Gilles uses this method of calculation to arrive at the result that he has only one commitment on Case 4 (and two commitments on Case 5).

There is no support in the law for Gilles's proposed formula for calculating "previous prison commitments" under section 558.019. First, section 558.019.2, subsections (2) and (3) provide that the previous prison commitments counted toward the minimum prison term under that section must be "unrelated to the *present* offense." (Emphasis added.) Whether the previous commitments are related to each other is irrelevant. Second, the fact that offense B is the reason a probation for offense A was revoked does not make offenses A and B "related" for purposes of section 558.019.2. Gilles's attempt to build connections between his receipts on April 15, 1994, April 18, 1995, November 17, 1998, and June 19, 2002 (Cases 1, 2, 3 and 4, respectively) has nothing to do with whether the felonies that caused those receipts were related to the current offense. Similarly, Gilles's February 2002 Miller County driving while intoxicated offense (Case 4) is not related to his earlier felonies committed on July 31, 1993, February 22, 1995, and November 5, 1997 (Cases 1, 2 and 3, respectively).

In *Carroll v. Missouri Board of Probation & Parole,* 113 S.W.3d 654, 657–58 (Mo.App. W.D.2003), this court stated the following concerning the purpose of section 558.019 and how that purpose is to be carried out in applying the statute:

That purpose is to "punish [a person] as a repeat offender for his latest offense on the basis of a demonstrated propensity for misconduct." To allow a prisoner to be sheltered from the this [sic] type of statute simply because the crime was committed and he was sentenced while serving a sentence or because he was sentenced on one offense prior to the resolution of a pending offense would undermine the purpose of the statute. This court refuses to interpret Section 558.019 to permit an unreasonable result. There is no requirement in *Boersig* or in the statute that a period of time must elapse or a release must occur between commitments.

(Citations omitted.) To interpret the statute as Gilles suggests would require granting Gilles a windfall because the circuit court dealt with his probation revocation efficiently on the same day as he pled guilty to a new offense rather than holding a revocation hearing later after he had been returned to prison or first revoking his probation and then resolving the new criminal charge. Granting such a windfall would undermine the purpose of section 558.019, which is to punish repeat offenders based on a propensity for misconduct.

We conclude that the MDOC correctly determined that Gilles has three or more previous prison commitments on Case 4 without counting the initial April 15, 1994, incarceration on Case 1 for a 120–day callback program under section 559.115 as a commitment. On April 17, 1995, Gilles's probation was revoked on Case 1. Gilles also pled guilty and received a new sentence on Case 2. He was received by the MDOC on April 18, 1995, for the service of both sentences. Gilles's receipt by the MDOC on April 18, 1995, represents a commitment for Case 1 (probation revocation) and a commitment for Case 2 (new offense). Both of these count as separate previous commitments on Case 4. Gilles's November 17, 1998, commitment in Case 3 is the third previous commitment. For the same reason as Cases 1 and 2 are not

"related," Cases 3 and 4 are not "related." Revoking probation on Case 3 due to a violation of laws in Case 4 does not make Case 3 and Case 4 "related" for the purpose of section 558.019.2.

■ We next address whether the MDOC erred in determining that Gilles had three or more previous prison commitments for felonies unrelated to Case 5, requiring him to serve at least eighty percent of his sentence. Gilles contends he has only two previous prison commitments to the MDOC for felonies unrelated to the present offense in Case 5, those commitments having occurred on April 18, 1995 (stemming from Cases 1 and 2, which are related), and June 19, 2002 (stemming from Cases 3 and 4, which are related). Gilles also contends that Case 3 and Case 5 are related because the Circuit Court of Newton County revoked his probation in Case 3 due to the violation of laws in Case 5.

The analysis of Case 5 is straightforward in light of our discussion of Case 4. After the receipt of Gilles into the MDOC on April 15, 1994, on Case 1 and prior to his sentence on November 12, 2002, on Case 5, Gilles was received into the MDOC on April 18, 1995, on Case 2 and as a probation revokee on Case 1, on November 17, 1998, on Case 3, and on June 19, 2002, on Case 4. None of these commitments were related to the offense in Case 5. We therefore conclude that the MDOC correctly determined that Gilles has at least three previous prison commitments for the purpose of calculating Gilles's minimum sentence on Case 5, resulting from the receipts of April 18, 1995, November 17, 1998, and June 19, 2002.

### Conclusion

We hold that the circuit court did not err, plainly or otherwise, by granting summary judgment for the MDOC. The MDOC correctly determined that Gilles had three or more previous prison commitments in Cases 4 and 5 under section 558.019.2, requiring him to serve a minimum prison term of eighty percent of his sentence.

The judgment of the circuit court is affirmed.

BRECKENRIDGE, P.J., and HOLLIGER, J., concur.