Andrew FARISH, Appellant,

v.

MISSOURI DEPARTMENT
OF CORRECTIONS,
Respondent.

No. SC 93366.

Supreme Court of Missouri,
En Banc.

Dec. 24, 2013.

Andrew Farish, pro se.

Michael Spillanem, Attorney General's Office, Jefferson City, for the State.

MARY R. RUSSELL, Chief Justice.

Appellant Andrew Farish is a prisoner serving a sentence in the Missouri Department of Corrections (MDOC). He brings this declaratory judgment action claiming that he is entitled to additional jail time credit against this sentence under section 558.031.1.[1] He claims, first, that he is entitled to credit for time he spent in custody in the state of Kansas awaiting disposition of Kansas charges. Second, he asserts that the time he spent serving his Kansas sentence is creditable because the Missouri sentencing court ordered his Missouri sentence to run concurrently with his Kansas sentence. Farish is wrong on both counts. He is not entitled to jail time credit for time spent in custody in Kansas awaiting disposition of Kansas charges because that time was not compelled exclusively by Missouri, and he is not entitled to credit for time spent serving his Kansas sentence because that time was not related to the Missouri offense. The circuit court's judgment is affirmed.

### Factual and Procedural Background

Farish committed a robbery in Wyandotte County, Kansas, on February 15, 2008. He later committed first-degree robbery and armed criminal action in Jackson County, Missouri, on February 19. Kansas law enforcement officials arrested him in Kansas on February 20, and the circuit court of Jackson County issued a warrant for his arrest the following day. For the next 10 months, he was in the custody of the state of Kansas in the Wyandotte County jail and in jail space rented by Kansas in Missouri until he began serving his Kansas sentence in the Kansas Department of Corrections (KDOC) on December 31, 2008.

On April 6, 2009, while he was still serving his Kansas sentence, Farish was transferred to the Jackson County jail, where he spent approximately 11 months awaiting disposition of the Missouri charges. The Jackson County Circuit Court accepted his guilty plea on March 5, 2010, and sentenced him to 10 years on the first-degree robbery charge and eight years on the armed criminal action charge. The court suspended the first degree robbery sentence and placed him on five years' probation. The sentencing court's order instructed: "Sentence imposed in this case is to run concurrently with sentence im-

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

posed in [Kansas] case ... and all other time served.... It is ordered and adjudged Defendant is given credit for all time served on the charges herein."

On March 15, 2010, Farish was returned to KDOC custody. He spent the next five months in KDOC custody before he was returned to the Jackson County jail on August 19 in anticipation of his release from his Kansas sentence. Farish was paroled from his Kansas sentence on August 30, 2010. He remained in the Jackson County jail until MDOC took custody of him on October 20, 2010.

MDOC commenced Farish's eight-year sentence on October 20, 2010. It granted him 406 days of jail time credit for time after his Kansas sentence was imposed that he spent in the Jackson County jail. This time comprised April 6, 2009, to March 15, 2010, when he was held in Jackson County awaiting disposition of his Missouri charges, and August 19, 2010, to October 20, 2010, which spanned his transfer from KDOC in anticipation of his release on parole in Kansas to his entry into MDOC custody.

Farish then filed this action claiming that he is entitled to credit for all time between February 21, 2008, when the Missouri arrest warrant was issued, and October 20, 2010, when he entered MDOC. MDOC moved for summary judgment and asked the circuit court to deny Farish credit for the portion of the time after the Missouri warrant was issued and before he began serving his Kansas sentence when

he was in Kansas custody in the Wyandotte County jail, and for all time after he began serving his Kansas sentence on December 31, 2008, until he was paroled from that sentence on August 30, 2010. Farish also moved for summary judgment, requesting credit for all time served between February 21, 2008 and October 20, 2010. The circuit court granted MDOC's motion for summary judgment, and Farish appeals.

After an opinion by the court of appeals, this Court granted transfer [2] and now affirms the circuit court's judgment.

## Standard of Review

This Court's review of the trial court's entry of summary judgment is "essentially de novo." *ITT Comm. Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). When, as in this case, there are no disputed issues of material fact, the propriety of summary judgment is purely an issue of law, and this Court need not defer to the trial court's order granting summary judgment. *Donaldson v. Crawford*, 230 S.W.3d 340, 342 (Mo. banc 2007).

## Analysis

Farish claims the trial court erred in denying him jail time credit for two periods of time: time he spent in custody in Kansas before he began serving his Kansas sentence, and time he spent serving his Kansas sentence both in the custody of KDOC and in the Jackson County jail.[3]

---

**2.** Mo. Const. art V, sec. 10.

**3.** Farish claimed entitlement to credit for four periods of time: (1) the portion of time after the Missouri warrant was issued on February 21, 2008, and before he began serving his Kansas sentence on December 31, 2008, when he was in Kansas custody in the Wyandotte County jail; (2) the portion of this same period of time when he was in rented jail

space in Missouri; (3) the time after Farish began serving his Kansas sentence on December 31, 2008, until he was paroled from that sentence on August 30, 2010; and (4) the time after he was paroled from his Kansas sentence on August 30, 2010, until he entered MDOC on October 20, 2010. In its motion for summary judgment, MDOC asked the trial court to grant Farish credit for the second and fourth time periods, and the trial court

Farish's claims are governed by section 558.031.1. That section provides:

1. A sentence of imprisonment shall commence when a person convicted of a crime in this state is received into the custody of the department of corrections or other place of confinement where the offender is sentenced. Such person shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense, except:

(1) Such credit shall only be applied once when sentences are consecutive;

(2) Such credit shall only be applied if the person convicted was in custody in the state of Missouri, unless such custody was compelled exclusively by the state of Missouri's action; and

(3) As provided in section 559.100, RSMo.

■■■ Section 558.031.1 lays out a general rule: A prisoner is entitled to jail time credit against his sentence for all time in custody after the offense occurred and before the commencement of the sentence as long as the time in custody was "related to" the offense. *See State ex rel. Nixon v. Kelly,* 58 S.W.3d 513, 518–19 (Mo. banc 2001); *Goings v. Mo. Dep't of Corr.,* 6 S.W.3d 906, 907–08 (Mo. banc 1999). This general rule is subject to the exceptions in subdivisions (1) to (3). *See Donaldson v. Crawford,* 230 S.W.3d 340, 343 (Mo. banc 2007). Farish's first claim that he is enti-

tled to credit for time in custody in Kansas after Missouri lodged a detainer against him invokes subdivision (2), which limits the jail time credit provided by that section to time in custody "in the state of Missouri." The final clause of subdivision (2), however, creates an exception to this exception: a prisoner is entitled to jail time credit for time in custody even though the custody was outside of Missouri as long as "such custody was compelled exclusively by the state of Missouri's actions." *See Lynch v. Mo. Dep't of Corr.,* 267 S.W.3d 796, 799 (Mo.App. 2008). Here, Farish seeks credit for time during which he was not in custody in Missouri. Therefore, regardless of whether this time is "related to" his Missouri sentence, he is not entitled to credit unless the time in custody was "compelled exclusively" by Missouri.

This Court has never construed the meaning of the words "compelled exclusively" in section 558.031.1(2). In doing so now, this Court must give effect to the intent of the legislature according to the plain and ordinary meaning of the statute's words. *Donaldson,* 230 S.W.3d at 342. Each word, clause, sentence, and section of the statute will be given meaning, and this Court will not interpret the statute in a way that renders some phrases mere surplusage. *Middleton v. Mo. Dep't of Corr.,* 278 S.W.3d 193, 196 (Mo. banc 2009).

■■■ Under subdivision (2), a prisoner is entitled to jail time credit for time in related custody even though the custody was

granted that motion. In that Farish was not aggrieved by the trial court's order awarding him credit for these two periods of time, there is no need to address those claims.

Farish did not argue or brief whether MDOC correctly calculated his sentence commencement date as October 20, 2010, when he entered MDOC, as opposed to March 5, 2010, when he received a Missouri sentence

that was ordered to run concurrent to his Kansas sentence. Nor did the trial court rule on this issue. Farish filed this action seeking "credit" under section 558.031.1, which is only available for time in custody *"before* the commencement of the sentence" (emphasis added). He may seek to determine the correct date when his Missouri sentence commenced by raising this issue in a new action.

outside of Missouri if "such custody was compelled exclusively by the state of Missouri's actions." "Such custody" refers to time in custody outside the state of Missouri. Here, the verb "compel" means "to force or cause irresistibly ... [to] call upon, require, or command without the possibility of withholding or denying ... to impel or force to appear, come, or go ... to domineer over so as to force compliance or submission." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 463 (1986). The adverb "exclusively" modifies the verb "compel," and it means "excluding ... others ... from participation ... single, sole...." *Id.* at 793. Together, the plain meaning of the words in the final clause of subdivision (2) contemplates time in custody outside the state of Missouri unilaterally caused by the action of the state of Missouri.

■ That did not happen in this case. Farish entered Kansas custody when he was arrested by Kansas authorities on February 20, 2008, for a Kansas offense. At this point, his custody was "compelled exclusively" by the state of Kansas. His claim rests on the proposition that, when Missouri authorities lodged a detainer against him the following day, his custody became "compelled exclusively" by Missouri.

■ Farish's argument misconstrues the effect of a detainer. Missouri did not unilaterally cause him to enter Kansas custody, nor did the act of filing a detainer unilaterally cause him to remain in Kansas custody. A detainer is merely "a *request* filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Carchman v. Nash,* 473 U.S. 716, 719, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985) (emphasis added). A detainer "merely puts the officials of the institution in which the prisoner is incarcerated on notice" that he is wanted to stand trial for charges in another jurisdiction upon his release from confinement. *United States v. Mauro,* 436 U.S. 340, 358, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978).

At most, the Interstate Agreement on Detainers (IAD), to which Missouri and Kansas are both parties, may have obliged Kansas officials to deliver Farish to Missouri authorities. *See* section 217.490, RSMo 2000; KAN. STAT. ANN. sec. 22–4402 (West 2013). Articles IV and V of the IAD provide that, when a requesting state has lodged a detainer against a prisoner in the custody of another state, the requesting state has a right to take temporary custody of the prisoner for the limited purpose of disposing of the charges against him in that state. The summary judgment record in this case contains no information regarding the Missouri detainer lodged against Farish other than that Farish and MDOC agree that the Jackson County warrant was a detainer. Regardless, the time he spent in custody in Kansas was not "compelled exclusively" by the Missouri detainer because that time did not originate as a result of Missouri action and continued as a result of his Kansas charge. Farish is not entitled to jail time credit against his Missouri sentence for time he spent in custody in Kansas before he began serving his Kansas sentence.

■■ Farish also claims that he is entitled to credit for all time served on his Kansas sentence because the sentencing court ordered his Missouri sentence to run concurrently with his Kansas sentence. This claim is denied for two reasons. First, the time Farish spent in custody serving his Kansas sentence is not "related to" the offense on which he seeks credit. Section 558.031.1. Time in custody is not "related to" an offense if the prisoner would have been in custody regardless of the offense. *See Kelly,* 58 S.W.3d at 518–

19. During this time, Farish could not have been released from custody because he was serving a Kansas sentence. The Missouri charge did not prevent his release. *See Mudloff v. Mo. Dep't of Corr.*, 53 S.W.3d 145, 148 (2001) (holding time in custody serving sentence for prior Illinois conviction not "related to" time in custody awaiting trial for subsequent Missouri offense because "he was serving the sentence for his Illinois conviction and was not eligible for bail because of that conviction").

Second, the sentencing court was without authority to award credit not authorized by section 558.031.1. A sentencing court has no authority to award jail time credit. *Donaldson*, 230 S.W.3d at 343. Section 558.031.1 " 'contemplates an administrative and not a judicial determination of the jail time to be credited, with no sharing of jurisdiction between the two branches of government.... Section 558.031 appears clearly to contemplate that the department, and not the sentencing court, is to be the actor in the crediting of jail time.' " *Id.* (quoting *State ex rel. Jones v. Cooksey*, 830 S.W.2d 421, 425 (Mo. banc 1992)). To the extent that the sentencing court's judgment is inconsistent with section 558.031.1, that portion of the judgment is of no effect.

The trial court correctly held that Farish is not entitled to jail time credit for any of the time after he began serving his Kansas sentence on December 31, 2008, until he was paroled on that offense on August 30, 2010.

### Conclusion

The trial court's judgment is affirmed.

All Concur.