# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3665

_____

United States of America

*Plaintiff - Appellee*

v.

Victor Vickers

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 7, 2017
Filed: May 3, 2017
[Unpublished]

_____

Before GRUENDER, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

After a jury convicted Victor Vickers of conspiracy to distribute marijuana the district court sentenced him to the statutory maximum of 60 months imprisonment. Vickers appealed. We affirmed his conviction, but vacated his sentence and remanded for resentencing due to an error in the district court's application of the sentencing guidelines. See United States v. Taylor, 813 F.3d 1139, 1151 (8th Cir.

2016). On remand the district court[1] again sentenced Vickers to 60 months imprisonment. Vickers appeals, and we affirm.

## I.

In September 2014 a jury convicted Vickers of conspiracy to distribute less than 100 kilograms of marijuana. Prior to sentencing the probation office prepared a presentence investigation report that indicated that Vickers was facing charges in state court for allegedly participating in the murder of a man named Edward Ewing. At his sentencing proceeding the government called an officer who had investigated the murder to testify and also introduced a videotaped interview of Ewing's girlfriend, who had been present during the murder. On the basis of this evidence the district court found that Vickers had participated in the murder and concluded that the murder was "drug-related activity" that warranted the application of the murder cross reference in the guidelines section for drug related offense conduct. See U.S.S.G. § 2D1.1(d)(1). The application of the murder cross reference increased Vickers' base offense level from 12 to 43. The district court sentenced Vickers to the statutory maximum of 60 months imprisonment.

Vickers appealed. We affirmed his conviction but concluded that the district court erred when it applied the murder cross reference at Vickers' sentencing. See Taylor, 813 F.3d at 1150–51. We thus "vacate[d] his sentence and remand[ed] his case for resentencing." Id. at 1151. After our mandate issued but before Vickers' resentencing hearing, he was convicted in state court of the Ewing murder. Although the district court heeded our directive that the murder cross reference was inapplicable, the court considered Vickers' involvement in the Ewing murder in resentencing him. Vickers was again sentenced to 60 months imprisonment. Vickers

---

[1] The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

appeals, arguing that the district court erred in considering the Ewing murder at his resentencing proceeding and contending that his sentence is substantively unreasonable.

## II.

We review the sentence imposed by a district court for abuse of discretion and proceed "in two steps: first, we review for significant procedural error; and second . . . we review for substantive reasonableness." United States v. O'Connor, 567 F.3d 395, 397 (8th Cir. 2009). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall v. United States, 552 U.S. 38, 51 (2007). A district court may impose a substantively unreasonable sentence if it "fails to consider a relevant factor that should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers only the appropriate factors but commits a clear error of judgment." O'Connor, 567 F.3d at 397 (quoting United States v. Saddler, 538 F.3d 879, 890 (8th Cir. 2008)).

## A.

Vickers first contends that the district court committed procedural error when resentencing him. His sole argument in this regard is that the district court erred by taking his conviction for the murder of Edward Ewing into account when weighing the factors outlined in 18 U.S.C. § 3553(a) and crafting his sentence.[2] Vickers argues

---

[2] Notably, Vickers does not argue that the district court committed procedural error by failing adequately to explain its chosen sentence. See United States v. Wearing, 837 F.3d 905, 910 n.6 (8th Cir. 2016) (per curiam) (arguments not sufficiently developed in opening brief are deemed waived).

that any consideration of the Ewing murder should have been barred by our mandate in his prior appeal which he construes as ordering the court to sentence him "on the record already before the Court, less the Ewing murder." Vickers also contends that his conviction for the Ewing murder, which happened after our mandate was issued but before his resentencing, amounted to "new evidence" that should not have been introduced or considered.[3]

We disagree with Vickers' construction of the scope of our mandate. In our opinion on his prior appeal, we concluded simply that the fact that the district court applied the murder cross reference when sentencing him was error and "therefore vacate[d] his sentence and remand[ed] his case for resentencing." Taylor, 813 F.3d at 1151. In other words, our opinion directed the district court to resentence Vickers without applying the murder cross reference but placed no other "limitations on the discretion of the . . . district court judge." See Pepper v. United States, 562 U.S. 476, 506 (2011) (internal quotation marks omitted). Our remand was thus a general one that contemplated resentencing de novo. See United States v. Bates, 614 F.3d 490, 494 (8th Cir. 2010) ("On remand, we may provide instructions limiting the scope of the district court's discretion or we may remand without limitations."). The district court adhered to our instructions by declining to apply the murder cross reference at resentencing.

Having determined that the district court's consideration of the Ewing murder was not barred by our prior mandate, we next address the question of whether

---

[3] Neither before the district court nor on appeal has Vickers argued that his conviction for the Ewing murder should not have been used when calculating his criminal history under the guidelines; his only objection is to the district court's use of that conduct when weighing the § 3553(a) sentencing factors. Since the issue is not before us, we express no opinion as to whether the district court erred by using the Ewing conviction in its calculation of Vickers' criminal history. See Wearing, 837 F.3d at 910 n.6.

evidence of Vickers' involvement in the murder could properly be considered outside the context of the murder cross reference provision of the guidelines. We conclude that it could. When we remand a case for resentencing de novo, a district court is "permitted to consider any relevant evidence that it could have received at [the defendant's] first sentencing hearing." United States v. Reid, 827 F.3d 797, 801 (8th Cir. 2016). In this case the district court not only could have, but did, receive evidence related to the Ewing murder at Vickers' first sentencing hearing. This evidence included testimony from an officer who had investigated the murder and a videotaped interview of the victim's girlfriend who had been present during the murder. Vickers also presented testimony from an attorney who had represented him in connection with the state murder charges and who believed in Vickers' innocence. At the conclusion of the evidence, the district court found that Vickers was involved in the murder.

Although the district court erred in using this finding to apply the murder cross reference at Vickers' first sentencing, nothing would have precluded it from determining at that proceeding that the Ewing murder was relevant to its weighing of the § 3553(a) sentencing factors. We have repeatedly held that "prior criminal conduct, whether or not related to the offense of conviction, . . . is part of 'the history and characteristics of the defendant' that the court 'shall consider' in imposing an appropriate sentence, 18 U.S.C. § 3553(a)(1), and it may be relevant in a particular case to the factors enumerated in § 3553(a)(2)." United States v. Loaiza-Sanchez, 622 F.3d 939, 942 (8th Cir. 2010). Such criminal conduct may be considered regardless of whether the defendant has been charged or convicted for that conduct. At sentencing, the district court need only find by a preponderance of the evidence that the defendant committed the crime at issue for the conduct properly to be considered in connection with the court's analysis of the broad and inclusive § 3553(a) factors. See United States v. Waller, 689 F.3d 947, 960 (8th Cir. 2012) (per curiam). Since the district court could have found that Vickers was involved in the Ewing murder and properly considered that conduct when weighing the § 3553(a)

-5-

factors at his first sentencing, it did not commit procedural error when it did so at his resentencing. See Reid, 827 F.3d at 801; see also United States v. Tidwell, 827 F.3d 761, 764 (8th Cir. 2016) (noting that a conviction that occurred between a sentencing and a resentencing could provide grounds for an increased sentence).

## B.

Vickers also argues that his sentence is substantively unreasonable. He advances multiple arguments in support of this allegation. First, he argues that his involvement in the Ewing murder was an "improper or irrelevant factor," O'Connor, 567 F.3d at 397, to which the district court gave significant weight. As discussed at length above, however, we conclude that the district court could properly consider the Ewing murder in connection with its weighing of the § 3553(a) factors. See United States v. Richart, 662 F.3d 1037, 1052 (8th Cir. 2011). The court's consideration of the Ewing murder in crafting Vickers' sentence therefore does not render his sentence substantively unreasonable.

Vickers also argues that his sentence is substantively unreasonable because it is greater than necessary to satisfy the § 3553(a) factors and is disparate from the sentences given similarly situated defendants. After careful review, we conclude that these arguments fail to establish that the district court abused its discretion in sentencing Vickers. District courts have an "'institutional advantage' in finding facts and judging their import under § 3553(a)" that entitles their sentencing decisions to considerable deference. Richart, 662 F.3d at 1055. We are not permitted to "set aside a sentence merely because we would have decided that another one is more appropriate." Id. at 1054 (quoting United States v. Irey, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc)). At Vickers' resentencing the district court recited the relevant § 3553(a) factors and informed Vickers that it was imposing the maximum sentence allowed by statute because Vickers "led a very destructive life that was very much a danger to the community as evidenced by" his involvement in the drug conspiracy

and the Ewing murder.  We cannot say that this determination, or the sentence imposed in reliance on it, was an abuse of the court's discretion.  Indeed, we have previously upheld similar sentencing decisions in comparable cases.  <u>See, e.g.</u>, <u>id.</u> at 1053; <u>see also</u> <u>United States v. Roberson</u>, 334 F. App'x 787, 789–90 (8th Cir. 2009) (per curiam) (unpublished).

III.

Accordingly, we affirm the judgment of the district court.

_____