**Michael L. GREEN, Appellant,**

v.

**MISSOURI DEPARTMENT OF CORRECTIONS, Respondent.**

**WD 80726**

Missouri Court of Appeals, Western District.

Filed: October 31, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied November 16, 2017

Michael L. Green, Jefferson City, Appellant Pro Se.

Andrew J. Crane, Jefferson City, for respondent.

Before Division Three: Lisa White Hardwick, Presiding, Victor C. Howard and Alok Ahuja, Judges

Lisa White Hardwick, Judge

Michael L. Green appeals the entry of summary judgment in favor of the Missouri Department of Corrections ("Department") on his petition for declaratory judgment. In his petition, Green asked the circuit court to declare that the Department incorrectly calculated his minimum prison term based upon his number of previous prison commitments. For reasons explained herein, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

In 1998, Green was delivered to the Department to serve a three-year sentence for driving while intoxicated-persistent offender and placed in a 120-day program under Section 559.115.[1] Green was released on probation after successfully completing the program.

In 1999, Green's probation was revoked, and he was placed in another 120-day program under Section 559.115. Green was released on probation after successfully completing the program.

In 2001, Green was sentenced to five years in prison for involuntary manslaughter. He was released on parole sometime in 2003.

In 2007, Green was delivered to the Department to serve a four-year sentence for driving while intoxicated-persistent offender and placed in another 120-day program under Section 559.115. Green was released on probation after successfully completing the program.

In 2009, Green's probation was revoked. The court ordered Green to serve his 2007 four-year sentence for driving while intoxicated-persistent offender concurrently with a new eight-year sentence for driving while intoxicated-chronic offender, and the court placed him in a long-term treatment program under Section 217.362. Green was released on probation after successfully completing the program.

In 2012, Green was returned to the Department after his probation was revoked. In 2014, Green was notified that, because he had three previous prison commitments when he committed the offense of driving while intoxicated-chronic offender in 2009, the Department determined that he must serve a minimum prison term of 80% of his eight-year sentence for that offense before he will be eligible for parole.

Green subsequently filed a petition for declaratory judgment claiming that the Department had improperly counted his previous prison commitments to the Department in determining his parole eligibility. He asked the court to declare that his only previous commitment was in 2001 and to order the Department to recalculate his parole eligibility accordingly.

The Department filed a motion for summary judgment, which the court granted. Green appeals.

## STANDARD OF REVIEW

Appellate review of a summary judgment is "essentially *de novo.*" *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). A motion for summary judgment should be granted where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Id.* In this case, there are no disputed issues of material fact. Consequently, whether summary judgment was proper is purely an issue of law. *Farish v. Mo. Dep't of Corr.*, 416 S.W.3d 793, 795 (Mo. banc 2013).

---

1. All statutory references are to the Revised Statutes of Missouri 2016, as amended effective January 1, 2017.

### ANALYSIS

In his two points on appeal, Green contends the circuit court erred in granting summary judgment because the Department miscalculated his parole eligibility by incorrectly determining his number of previous prison commitments. Section 558.019.2 provides minimum prison terms based upon an offender's number of previous prison commitments:

(1) If the offender has one previous prison commitment to the department of corrections for a felony offense, the minimum prison term which the offender must serve shall be forty percent of his or her sentence or until the offender attains seventy years of age, and has served at least thirty percent of the sentence imposed, whichever occurs first;

(2) If the offender has two previous prison commitments to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the offender must serve shall be fifty percent of his or her sentence or until the offender attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first;

(3) If the offender has three or more previous prison commitments to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the offender must serve shall be eighty percent of his or her sentence or until the offender attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first.

Under this statute, a "prison commitment" means "the receipt by the department of corrections of an offender after sentencing." *Id.* However, "prior prison commitments to the department of corrections shall not include an offender's first incarceration prior to release on probation under section 217.362 or 559.115." *Id. See also* § 559.115.7. Thus, pursuant to Sections 558.019.2 and 559.115.7, Green's first incarceration in 1998, for which he was placed in a 120-day program under Section 559.115 and released on probation, does not count as a previous prison commitment.

As for his other incarcerations, Green admits that his incarceration in 2001 counts as a previous prison commitment. He contends, however, that he has no other incarcerations that can be counted as previous prison commitments for purposes of Section 558.019.2.

Green argues that his incarcerations in 1999 and 2007 in the Department's 120-day programs pursuant to Section 559.115 should not count as previous prison commitments. He asserts that, effective January 1, 2017, the legislature amended Section 559.115.7 to delete the word "first" before the word "incarceration," so Section 559.115.7 now excludes all incarcerations in 120-day programs under Section 559.115 from being considered previous prison commitments under Section 558.019.2.[2]

In arguing that the word "first" was deleted from Section 559.115.7, Green relies on S.B. 491, as Truly Agreed to and Finally Passed, which deleted the word "first" from Section 559.115.7. 2014 Vernon's Mo. Session Laws 232. However, several provisions in the criminal code, including Section 559.115, were subject to a bill enacted later in the 2014 session,

---

**2.** We assume that the 2017 amendments to Section 559.115.7 apply to Green's case, as the Supreme Court has held that "section 1.160 does not bar retroactive application of the parole eligibility provisions of section 559.115.7." *Dudley v. Agniel*, 207 S.W.3d 617, 618-19 (Mo. banc 2006). *See also Jones v. Fife*, 207 S.W.3d 614, 616-17 (Mo. banc 2006).

H.B. 1371. The preamble and Section A of H.B. 1371 state that H.B. 1371 repealed, among other things, Section 559.115 as enacted by S.B. 491 in the 97th General Assembly, second regular session. *Id.* at 865-66. Consequently, H.B. 1371 superseded S.B. 491 with respect to the specific criminal code provisions mentioned therein, including Section 559.115. After repealing the S.B. 491 version of Section 559.115, H.B. 1371 then reenacted Section 559.115, restoring the word "first" to Section 559.115.7. *Id.* at 896. Therefore, Section 559.115.7, effective January 1, 2017, provides: "An offender's first incarceration under this section prior to release on probation shall not be considered a previous prison commitment for the purpose of determining a minimum prison term under the provisions of section 558.019."

Contrary to Green's contention, Section 559.115.7 continues to exclude only his *first* incarceration in a 120-day program under Section 559.115 from being counted as a previous prison commitment in determining his minimum prison term. Thus, while Green's 1998 incarceration in the 120-day program does not count as a previous prison commitment, his 1999 and 2007 incarcerations in 120-day programs do. *Coldiron v. Mo. Dep't of Corr.*, 220 S.W.3d 371, 375 (Mo. App. 2007). *See also Dade v. Mo. Bd. of Prob. & Parole*, 194 S.W.3d 382, 386 (Mo. App. 2006).

Green's 1999 and 2007 prison commitments, combined with his admitted prison commitment in 2001, support the Department's determination that, when Green committed the offense of driving while intoxicated-chronic offender in 2009, he had three previous prison commitments.[3] Therefore, the Department correctly de-

termined that Green was required to serve 80% of his sentence for that offense under Section 558.019.2(3). The circuit court did not err in granting summary judgment in favor of the Department on Green's declaratory judgment petition.

CONCLUSION

The judgment is affirmed.

All Concur.

---

3. We need not determine whether Green's 2009 incarceration constitutes a fourth previous prison commitment. Because Section 558.019.2(3)'s 80% minimum prison term ap-

plies to offenders who have "three or more previous prison commitments," whether Green has four is immaterial to the disposition of this appeal.