

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| VICTOR D. VICKERS, JR., | ) | |
| | ) | |
| Appellant, | ) | WD87214 |
| v. | ) | |
| | ) | OPINION FILED: |
| | ) | February 4, 2025 |
| MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable Chris Limbaugh, Judge**

**Before Division Four:** Anthony Rex Gabbert, Chief Judge, Presiding,
Karen King Mitchell and W. Douglas Thomson, Judges

Victor Vickers appeals from the grant of summary judgment in favor of the

Department of Corrections (DOC) on his petition for declaratory judgment seeking jail-

time credit under § 558.031. Vickers argues that the time period he spent in federal custody

was related to his Jackson County case and, therefore, he was entitled to credit towards his

Jackson County sentence for that time served. Finding no error, we affirm.

## Background

On September 2, 2011, the State charged Vickers in a Jackson County case with one count of first-degree murder, one count of first-degree assault, and two counts of armed criminal action. *Vickers v. State*, 632 S.W.3d 781, 783 (Mo. App. W.D. 2021). At the time, Vickers was on parole for an unrelated offense out of Saline County. On February 17, 2012, Vickers's Saline County parole was revoked, and he was taken into custody for the parole violation. On September 26, 2012, while awaiting trial on the Jackson County charges and serving his Saline County sentence, Vickers was indicted in federal court for conspiracy to distribute less than 100 kilograms of marijuana. *State v. Vickers*, 560 S.W.3d 3, 13 (Mo. App. W.D. 2018), *as modified* (Aug. 28, 2018); *United States v. Vickers*, 688 Fed. Appx. 400, 401 (8th Cir. 2017). On October 19, 2012, he was transferred to federal custody "pursuant to the federal charges." *Vickers*, 560 S.W.3d at 13.

On September 10, 2013, the State dismissed the Jackson County charges and then refiled a complaint on the same basis three days later. *Id*. at 13, 15. The reason for the dismissal was to allow Vickers "to get the federal case resolved before the State case was resolved," and dismissal was the only means to do so given that the trial court had refused to grant any further continuances. *Id*. at 16.

On November 7, 2013, while still in federal custody, Vickers's Saline County sentence expired. Vickers was subsequently convicted of the federal drug offense and sentenced in federal court to 60 months' imprisonment, starting on May 28, 2015. *Vickers*, 688 Fed. Appx. at 401; *Vickers*, 560 S.W.3d at 13. During the pendency of

Vickers's federal case, the State took no action on the Jackson County case until June 12, 2015, when Vickers was formally indicted on the refiled charges. *Id*. at 15. Following conviction in the Jackson County case, Vickers was sentenced on October 18, 2016,[1] to life in prison without parole for murder and thirty years imprisonment for the other three charges, with all sentences to run concurrently. *Vickers*, 632 S.W.3d at 785.

Vickers obtained state post-conviction relief on a claim that trial counsel failed to investigate and endorse an alibi witness in his Jackson County case, *id*. at 785, 790; Vickers subsequently entered an *Alford* plea[2] and received a reduced sentence on April 14, 2022. In the resentencing judgment, the court ordered that Vickers be given 3,767 days of jail-time credit against the sentence. The court's calculation was based on "all time spent awaiting trial in this case in the Jackson County Detention Center, all time spent in federal custody in 12-00283-06-CR-W-DW, and all time spent in the Missouri Department of Corrections since 2016 for the previously imposed sentence of life imprisonment in this case." The court made a finding that Vickers "would have been in the custody of either the Jackson County Detention Center or the Missouri Department of

---

[1] Both parties assert that Vickers was sentenced on October 14, 2016, and rely on documents that have not been provided to this court as part of the record on appeal. Our prior decision in Vickers's post-conviction appeal indicates he was sentenced on October 18, 2016, but we need not resolve this discrepancy in light of our resolution of Vickers's claims on appeal. For purposes of this opinion, we rely on the date identified in our prior decision. And we remind counsel that "[i]t is appellant's responsibility to prepare a complete record on appeal." *State v. Black*, 524 S.W.3d 594, 600 (Mo. App. S.D. 2017) (quoting *State v. Dunn*, 817 S.W.2d 241, 244 (Mo. banc 1991)).

[2] *North Carolina v. Alford*, 400 U.S. 25 (1970).

Corrections for the sentences imposed herein during the entire time that [he] was in the custody of the federal authorities in connection with case 12-00283-06-CR-W-DW."

After arriving at DOC, Vickers learned that DOC was providing only 2,695 days of jail-time credit. Accordingly, he sought relief through the DOC grievance procedure, but all requests for relief were denied.[3]

Vickers filed the underlying petition for a declaratory judgment, seeking a declaration that he is entitled to an additional 1,072 days of jail-time credit, in accordance with the sentencing court's order. Vickers and DOC filed cross-motions for summary judgment.[4] The circuit court determined that, as a matter of law, Vickers was not entitled to the additional credit he sought because, during that time, he was neither physically in

---

[3] Again, the parties agree that DOC denied Vickers credit, advising him that, "from May 28, 2015, up to October 14, 2016 (Jackson County sentence date), you were serving a federal sentence and your time in custody was unrelated to your subsequent Missouri sentence." But, again, the parties rely on information that is not included in the record on appeal. While the parties cite to Vickers's Exhibit D, the quoted language does not appear in that exhibit. Instead, the exhibit indicates only, "Per a statement obtained from Records Officer III Hartman, it was determined that no additional credit can be given." Presumably, the alleged statement came from an IRR Response referenced, but not included, in Exhibit D. Again, we remind counsel that "[i]t is appellant's responsibility to prepare a complete record on appeal." *Black*, 524 S.W.3d at 600 (quoting *Dunn*, 817 S.W.2d at 244).

[4] Vickers filed a "Motion for Summary Judgment on the Pleadings," and his brief repeatedly conflates summary judgment and judgment on the pleadings, treating the two as interchangeable. Counsel is advised that there is a distinction between motions for judgment on the pleadings (governed by Rule 55.27(b)) and motions for summary judgment (governed by Rule 74.04), and counsel should observe this distinction in the future to avoid unnecessary confusion, such as that presented by Point III, wherein Vickers alleged that the trial court erred in granting DOC's motion for judgment on the pleadings—a motion that was never filed below.

4

Missouri's custody nor was his custody compelled exclusively by Missouri. Vickers appeals.

**Standard of Review**

In Points I and II, Vickers alleges that the circuit court erred in "failing to enter summary judgment in favor of Mr. Vickers."[5] "Generally, an order denying a party's motion for summary judgment is not a final judgment and is therefore not subject to appellate review." *Shelter Mut. Ins. Co. v. Hill*, 688 S.W.3d 638, 644 (Mo. App. W.D. 2024) (quoting *Columbia Mut. Ins. Co. v. Heriford*, 518 S.W.3d 234, 238 n.2 (Mo. App. S.D. 2017)). "The denial of a motion for summary judgment, however, may be reviewable when, as in this case, the merits of the motion for summary judgment are intertwined with the propriety of an appealable order granting summary judgment to another party." *Id.* (quoting *Heriford*, 518 S.W.3d at 238 n.2).

We review the grant of summary judgment *de novo*, applying the same criteria as the circuit court. *Green v. Fotoohighiam*, 606 S.W.3d 113, 115 (Mo. banc 2020). Summary judgment is appropriate when the summary judgment record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 74.04(c)(6).[6]

---

[5] In Point III, Vickers alleges that the trial court erred in "granting [DOC's] Motion for Judgment on the Pleadings." As noted in footnote 4, *supra*, DOC never filed a motion for judgment on the pleadings. Given counsel's apparent confusion between motions for judgment on the pleadings and motions for summary judgment, we presume Point III is directed at the trial court's grant of DOC's motion for summary judgment, instead.

[6] All rule citations are to the Missouri Supreme Court Rules (2024).

## Analysis

Vickers raises three points on appeal. First, he argues that the circuit court erred in denying his motion for summary judgment because he was entitled to judgment as a matter of law insofar as his time in federal custody from November 7, 2013, through May 28, 2015 (Point I), and from May 28, 2015, through October 14, 2016 (Point II), was related to his Jackson County case. And, second, he argues that the circuit court erred in granting DOC's motion for summary judgment because the court erroneously declared and applied the law[7] when it determined that Vickers could not receive credit for time in federal custody. For ease of discussion, we address all three points together.

At the time of Vickers's underlying offenses,[8] the relevant portion of § 558.031.1 provided:

> A . . . person shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense, except:
>
> . . .

---

[7] In his third point relied on, Vickers improperly invokes the standard of review outlined in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), for a court-tried case. Yet, in the argument for Point III, he correctly notes that the standard of review for the grant of summary judgment is *de novo*—another point of confusion that could be avoided in the future with legally accurate assertions regarding civil procedure.

[8] The relevant statute to consider is the one that was in effect at the time of Vickers's offenses, rather than his sentencing, unless the statute provides otherwise. *See State ex rel. Nixon v. Kelly*, 58 S.W.3d 513, 518 (Mo. banc 2001) (refusing to apply a revised version of § 558.031, where the amendment occurred between the defendant's offenses and his sentencing for those offenses).

(2) Such credit shall only be applied if the person convicted was in custody in the state of Missouri, unless such custody was compelled exclusively by the state of Missouri's action . . . .

§ 558.031.1, RSMo (2008). Thus, to be entitled to jail-time credit, Vickers needed to prove not only that his time in custody was related to his underlying offenses but also that the custody, itself, was either in the state of Missouri or compelled exclusively by the state of Missouri's action. *Farish v. Mo. Dep't of Corr.*, 416 S.W.3d 793, 796 (Mo. banc 2013); *Lynch v. Mo. Dep't of Corr.*, 267 S.W.3d 796, 799 (Mo. App. E.D. 2008).

In all three points, Vickers focuses his argument on establishing that his time in federal custody was "related to" his Jackson County offenses. But that argument ignores the additional requirement that either he was in Missouri's custody or his custody elsewhere was compelled exclusively by Missouri. Both parties agree that, during the entirety of time at issue in this appeal, Vickers was in federal, not Missouri, custody. Thus, the question becomes whether that time was compelled exclusively by Missouri. We hold it was not.

"[T]he plain meaning of the words in the final clause of subdivision (2) [of § 558.031.1] contemplates time in custody outside the state of Missouri unilaterally caused by the action of the state of Missouri." *Farish*, 416 S.W.3d at 797. To be "unilaterally caused by the action of the state of Missouri," the time in custody must "originate as a result of Missouri action." *Id.*

Here, Vickers's time in federal custody originated as a result of federal—not Missouri—action. Beginning October 19, 2012, Vickers was in federal custody "pursuant to the federal charges," *Vickers*, 560 S.W.3d at 13, and not pursuant to any

7

action by the state of Missouri. In fact, the State took no action *whatsoever* on the Jackson County case from September 23, 2013, until June 12, 2015. Thus, Vickers cannot establish that he was entitled to any jail-time credit for the period of November 7, 2013, through May 28, 2015, as that entire time period spent in federal custody was attributable to his federal charges.[9] Likewise, the time spent in federal custody from May 28, 2015, through October 14, 2016, was time in which Vickers was serving his federal sentence; accordingly, it was not unilaterally caused by the action of the state of Missouri.[10]

Vickers argues that the circuit court erroneously relied on *Farish* in granting DOC's motion for summary judgment because *Farish* was decided prior to a 2023 amendment to § 558.031 that removed subsection (2)'s requirement that the custody either be in Missouri or compelled exclusively by Missouri. In making this argument, Vickers ignores the fact that the current version of § 558.031 expressly provides that the language he relies on is limited "to offenses for which the offender was sentenced on or

---

[9] This determination is consistent with this court's prior determination that "much of Vickers's time in custody was due to either a parole violation on an unrelated case or his federal charge and conviction." *State v. Vickers*, 560 S.W.3d 3, 18 (Mo. App. W.D. 2018).

[10] For two reasons, it is irrelevant that the sentencing court found Vickers would have been in the custody of either the Jackson County Detention Center or DOC but for his federal case: (1) the sentencing court failed to properly apply the "compelled exclusively" portion of § 558.031.1 and (2) "[a] sentencing court has no authority to award jail time credit." *Farish v. Mo. Dep't of Corr.*, 416 S.W.3d 793, 798 (Mo. banc 2013). Accordingly, "[t]o the extent that the sentencing court's judgment is inconsistent with section 558.031.1, that portion of the judgment is of no effect." *Id.*

8

after August 28, 2023." § 558.031.7, RSMo Cum. Supp. 2023. Vickers was sentenced on April 14, 2022. Thus, the 2023 revision does not apply to him.[11]

Points I-III are denied.

## Conclusion

Because Vickers failed to establish that his time in federal custody was compelled exclusively by the state of Missouri, the circuit court did not err in granting summary judgment in favor of DOC on Vickers's declaratory judgment petition for jail-time credit. The circuit court's judgment is affirmed.

_____
Karen King Mitchell, Judge

Anthony Rex Gabbert, Chief Judge, Presiding, and W. Douglas Thomson, Judge, concur.

---

[11] In his reply brief, Vickers recognizes that the 2023 version is inapplicable but nevertheless argues that we should consider it as evidence of legislative intent to abandon the requirements that the custody be either in Missouri or compelled exclusively by Missouri. Regardless of the validity of this assertion, "[i]f the language of a statute is plain and unambiguous, th[e appellate c]ourt is bound to apply that language as written and may not resort to canons of construction to arrive at a different result." *State ex rel. Bailey v. Fulton*, 659 S.W.3d 909, 912 (Mo. banc 2023) (quoting *State ex rel. Hillman v. Beger*, 566 S.W.3d 600, 605 (Mo. banc 2019)).